## Weiss v. SEPTA

*Eric S. Plaum,* for petitioner.
*Daniel G. Brehms,* for defendant.

GELFAND, *J.,* April 20, 1981 — Upon consideration of the within petition for no-fault benefits, answer thereto, memoranda of law and argument in connection therewith, it is hereby ordered that said petition is denied.

The facts in the instant matter are as follows:

Petitioner, Thelma Weiss, was a passenger in a SEPTA bus when a pedestrian threw an object through the window of the bus causing petitioner's injuries for which she seeks no-fault benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101, et seq. (hereinafter referred to as "the act").

In light of the circumstances of petitioner's injuries, the sole matter for determination is whether she is a "victim" as defined by the act; and therefore eligible for basic loss benefits pursuant to same.[1]

The act at § 1009.106 (a) (1) provides that "no-fault benefits are payable monthly as loss accrues. . . ."

In addition, the act defines "no-fault benefits" to mean ". . . basic loss benefits, added loss benefits, or both." § 1009.103.

In order to determine the meaning of "basic loss benefits" we must further examine § 1009.103 of

---

1. Although the issue involved here has been the subject matter of determination by courts of non-appellate jurisdiction, the results have been conflicting. See Generally Ash v. Commonwealth Realty Co., 4 D. & C. 3d 418 (1978); Howe v. Harleysville Insurance Companies, 7 D. & C. 3d 214 (1978). However, no appellate court in this Commonwealth has spoken on the issue as involved in the instant matter.

the act which states that "basic loss benefits means benefits provided in accordance with this act for the net loss sustained by a victim. . . ."

Further, in §1009.103 of the act, a victim is defined to mean " . . . an individual who suffers injury arising out of the maintenance or use of a motor vehicle"; and, finally, the same section states that the term "[m]aintenance or use of a motor vehicle" means maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into or alighting from it . . . ."

Hence, in order to be eligible for no-fault benefits, one must be a "victim" as contemplated by the act.

It is our view that the legislative findings and purposes in connection with the act as set forth in §1009.102(a)(3) and §1009.102(b) contemplated a "motor vehicle accident victim."

The term "motor vehicle accident" is not an enigmatic one. The term evokes an image of a motor vehicle or its use as being the instrument of injury, and the existence of some nexus between the vehicle or its use and the injury suffered by the claimant.[2]

Accordingly, under the facts of this case, wherein petitioner was struck by a thrown rock while she happened to be a passenger on a bus, we find that there is no such nexus between the source of the injury sustained and the use of the motor vehicle as

---

2. See generally Manhattan and Bronx Surface Transit Operating Authority v. S. Holson, 98 Mis. 2d 657 (1979); New York Transit Authority v. Cole (Supreme Court, Kings County, Special Term, Part I, June 20, 1978, Pino, J.), where a bus driver was injured by a thrown rock and was denied no-fault benefits under the New York No-fault Act, which is similar to ours, for the same reasons indicated herein.

would make her a "victim" as defined or contemplated by the act.

This court is well aware of the cases which have broadly construed the No-fault Act under the guise of carrying out the legislative intent, even though the so-called "victim" suffered injuries which have no nexus to the "maintenance or use of a motor vehicle as a vehicle" but merely involved a motor vehicle in some remote fashion.

However, it is our view that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Act of December 6, 1972, P.L. 1339, 1 Pa.C.S.A. §1921(b).

Accordingly, for all the foregoing reasons, the instant petition for No-fault benefits is denied.