MICKLE, Judge.
This is an appeal of an order of disposition in which the appellant, C.J.P., a juvenile, was found guilty of being an accessory after the fact to an aggravated assault by assisting the perpetrator (another juvenile) in avoiding or escaping detention (Count I), and leaving the scene of an accident with injuries (Count III). We affirm as to Count I and reverse as to Count III.
To sustain a conviction in Count I, the state was required to prove that 1) an aggravated assault occurred, 2) C.J.P. knew that an aggravated assault had occurred, and 3) C.J.P. aided the perpetrator with the intent that the offender avoid arrest.
The state’s burden in Count III was to prove that 1) C.J.P. was involved in an accident, 2) C.J.P. knew, or should have known, that injuries had occurred, and 3) C.J.P. willfully left the scene of the accident without complying with the requirements of section 316.062, Florida Statutes (1993), which statute imposes a duty on “[t]he driver of any vehicle involved in an accident resulting in injury” to provide certain information and to render reasonable assistance where it is apparent that treatment is necessary.
After carefully examining the record, and recognizing that it is the trier of fact’s duty to resolve conflicts in the evidence, we conclude that the state satisfied its burden of proof with competent substantial evidence as to Count I. Accordingly, we affirm that portion of the order. Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981) (appellate court should not retry case or reweigh conflicting *64 evidence submitted to fact-finder), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Spinkellink v. State, 313 So.2d 666, 670-71 (Fla.1975), cert. den., 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976); In the Interest of T.M.M., 560 So.2d 805 (Fla. 4th DCA 1990) (entry of judgment of acquittal is appropriate only in those rare instances in which no evidence exists to support entry of a conviction); Williams v. State, 511 So.2d 740 (Fla. 5th DCA 1987) (in determining correctness of trial court’s ruling on motion for judgment of acquittal, reviewing court must interpret facts in the state’s favor).
Count III is different, however. The state proved beyond a reasonable doubt that C.J.P., the driver of his own vehicle, left the scene of a collision. The driver of another automobile, Ms. Johns, had crashed into a stationary object, a brick mailbox, and had come to a stop in a residential yard while C.J.P. was present. Ms. Johns’ vehicle was the only one involved in the “accident.” To establish culpability under section 316.027, Florida Statutes (1993), the prosecution had to prove, in addition to C.J.P.’s failure to remain at the scene, that he was “the driver of any vehicle involved in an accident resulting in injury ... of any person.” (Emphasis added). The state failed to satisfy its burden as to the element of “involvement.” Because C.J.P. was not the driver of the vehicle involved in the accident, we need not address what the evidence showed concerning victim injury.
AFFIRMING order as to Count I and REVERSING order as to Count III.
VAN NORTWICK, J., concurs.
BENTON, J., concurs in part and dissents in part with written opinion.