ERVIN, J.
The State of Florida, Department of Highway Safety and Motor Vehicles, seeks certiorari review of the circuit court’s order quashing the suspension of respondent Sherri Williams’ driver’s license for the misdemeanor offense of driving under the influence (DUI). Our review of an order of the circuit court sitting in its appellate capacity is limited to determining whether the circuit court afforded procedural due process and applied the correct law. See Dusseau v. Metro. Dade County, 794 So.2d 1270 (Fla.2001); Dep’t of Highway Safety v. Currier, 824 So.2d 966 (Fla. 1st DCA 2002). Because we conclude that the circuit court departed from the essential requirements of the law by failing to apply the correct law in its review of the suspension order issued by the Department’s hearing officer (HO), we grant the petition and quash the circuit court’s order.
The evidence discloses that on June 3, 2005, respondent Sherri Williams drove her vehicle through a stop sign, across a two-lane road, over the opposite shoulder of the road, through the driveway of an adjoining restaurant, and finally brought the vehicle to rest in a nearby drainage ditch. Williams left the vehicle unattended, and, while being escorted by a friend to her home, was stopped by an investigating officer and returned to the scene. Another officer estimated that respondent’s acts had caused $100 in damages to the vehicle, and, based on a breath sample showing .121 and .130 percent alcohol, his observations of Williams’ watery, bloodshot eyes, a strong odor of alcohol on her breath, and her poor field sobriety exercises, he arrested her for DUI.
At the hearing challenging the validity of the Department’s suspension of Williams’ driver’s license, counsel for Williams argued the evidence failed to demonstrate a lawful arrest had occurred, because the arresting officer had not observed the offense, whereas section 901.15, Florida Statutes, does not permit a law-enforcement officer to arrest a person without a warrant for a violation of chapter 316, Florida Statutes, the Florida Uniform Traffic Control Law, unless the officer observed all of the elements of the offense, including that of driving or actual physical control of the vehicle. Finally, he contended, because the accident report revealed that no damage occurred to property other than that belonging to Williams, the incident involving Williams’ vehicle did not legally constitute a traffic accident; consequently, the officer could not rely on the traffic-accident exception to the warrant-less arrest rule, as provided in section 316.645, Florida Statutes, which states:
A police officer who makes an investigation at the scene of a traffic crash may arrest any driver of a vehicle involved in the crash when, based upon personal investigation, the officer has reasonable and probable grounds to believe that the person has committed any offense under the provisions of this chapter or chapter 322 in connection with the crash.
(Emphasis added.) The HO concluded that the Department had satisfied section 322.2615, Florida Statutes,[1] and denied *817 Williams’ claim that the arrest was unlawful.
In quashing the suspension order, the circuit court acknowledged that no Florida appellate court had defined the term “traffic crash,” as used in section 316.645, but it decided,' from its review of a Florida county court order, State v. Lane, 5 Fla. L. Weekly Supp., 558A (Fla. Broward Cty. Ct.1998), and several out-of-state appellate court decisions,[2] that no traffic crash had occurred, which is an essential requisite to the validation of the warrantless arrest. The court interpreted the term “traffic crash” as requiring “there be some observable result of forceful contact with another vehicle, person, or object before an investigation can be commenced, or a warrantless arrest made, pursuant to that statute.” It concluded that no forceful contact had taken place, because the crash report reflected only nominal damage, and, in the absence of such contact, no legal traffic crash could occur, thereby requiring that the warrantless arrest be invalidated. We cannot agree.
In reaching its decision, the court properly took into consideration the commonly accepted definitions of the terms “crash,” variously defined as “a breaking to pieces by or as if by collision” or “an instance of crashing,” Webster’s Collegiate Dictionary, 271 (10th ed.1998), and “collide,” which in turn means “to come together with solid or direct impact,” id. at 226. Despite its consideration of such terms and the established fact that Williams’ vehicle had direct impact with another object resulting in damage to her vehicle, the court ignored the definitions’ plainly stated terms in deciding that no traffic crash had taken place. It appears to have decided that there was no forceful contact with another object because only nominal damage in the amount of $100 to Williams’ property resulted. Nothing in the statutory term expressly provides or reasonably implies such a construction.
The rule is well established that if the language used in a statute is clear and unambiguous, the legislature’s intent shall be derived from the words so employed without involving rules of construction or speculating as to what the legislature intended. See Zuckerman v. Alter, 615 So.2d 661 (Fla.1993); Barruzza v. Suddath Van Lines, Inc., 474 So.2d 861 (Fla. 1st DCA 1985). Although the term “traffic crash” reasonably contemplates some degree of damage, it clearly does not imply that damage must have occurred to the property of another, nor does it set a minimum amount necessary in order for such an incident to legally occur.
WRIT GRANTED and ORDER QUASHED.
WEBSTER and HAWKES, JJ., concur.

. The statute permits the Department to suspend the driving privilege of a person who, while in control of a motor vehicle, has an unlawful blood-alcohol level or breath-alcohol level of .08 or higher.

. Manhattan & Bronx Surface Transit Operating Auth. v. Gholson, 98 Misc.2d 657, 414 N.Y.S.2d 489 (N.Y.Sup.Ct.1979); Weiss v. SEPTA, 21 Pa. D. & C.3d 521 (Pa. Ct. Common Pleas 1981).