KELLY, Judge.
The State appeals from the trial court’s order granting Trade Ann Elder’s motion to dismiss the charge filed against her under section 316.027(1)(b), Florida Statutes (2004), for leaving the scene of a crash resulting in the death of a person. The trial court concluded that Elder could not be charged under the statute because Elder’s car did not collide with another vehicle and, therefore, it was not involved in a crash. We disagree and reverse.
Elder was driving on Fowler Avenue in Tampa when she turned into the path of a car driven by Rikki Lewis. To avoid hitting Elder’s car, Lewis swerved, lost control of the car, and drove off the road. The car flipped over, ejecting a passenger and killing Lewis. Elder left the scene and was later charged with leaving the scene of a crash with death under section 316.027(1)(b), which provides as follows:
The driver of any vehicle involved in a crash resulting in the death of any person must immediately stop the vehicle at the scene of the crash, or as close thereto as possible, and must remain at the scene of the crash until he or she has fulfilled the requirements of s. 316.062. Any person who willfully violates this paragraph is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Elder filed a motion to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), asserting that a motorist cannot be charged with leaving the scene of a crash unless there was actual contact between the two vehicles. The trial court granted Elders motion stating, without elaboration, that “[t]he requirements of Florida Statute [sic] Section 316.027(1)(b) have not been met in this case.”
In dismissing the charge, the trial court relied on C.J.P. v. State, 672 So.2d 62 (Fla. 1st DCA 1996). In that case, C.J.P. had parked his car down the street from a car that he and two companions mistakenly believed was occupied by individuals they had been in a dispute with earlier that evening. C.J.P. and his companions got out of C.J.P.’s car, and one of his companions approached the driver of the other car in a threatening manner. The driver accelerated her car suddenly to escape and drove into a brick mailbox. After the collision, C.J.P. and his companions got into his car and left the scene. C.J.P. was found guilty of leaving the scene of an accident[1] with injuries. On appeal from *483 the order of disposition, the First District reversed, stating:
The State proved beyond a reasonable doubt that C.J.P., the driver of his own vehicle, left the scene of a collision. The driver of another automobile, Ms. Johns, had crashed into a stationary object, a brick mailbox, and had come to a stop in a residential yard while C.J.P. was present. Ms. Johns’ vehicle was the only one involved in the “accident.” To establish culpability under section 316.027 for leaving the scene of an accident, the prosecution had to prove that C.J.P. was “the driver of any vehicle involved in an accident resulting in the injury ... of any person.” Because C.J.P. was not the driver of the vehicle involved in the accident, we need not address what the evidence showed concerning victim injury.
Id. at 64.
We agree with the State that C.J.P. is distinguishable because of Elder’s status as the driver of a car at the time of the crash. Although Elder’s car did not crash, Elder was nevertheless “involved” in the crash because her driving caused it. We do not agree with Elder that before a driver can be found to have been “involved” in a crash, the driver’s car must collide with another ear. Section 316.027(1)(b) does not limit its application to the driver of any vehicle that collides with another vehicle but instead requires the driver of any vehicle “involved” in a crash to stop. “Involved” is a word of common usage, not defined in the statute, and as such should be construed in its plain and ordinary sense. Francis v. State, 808 So.2d 110, 138 (Fla.2001). “Involve” is defined, in pertinent part, as “to draw in as a participant,” to “implicate,” “to relate closely,” to “connect,” “to have an effect on,” to “concern directly,” to “affect.” Webster’s Third New International Dictionary 1191 (1986). Clearly, a driver of a vehicle that causes a crash is “involved” in the crash.
Although no Florida appellate court has addressed this precise issue, courts of other states have likewise held that drivers who caused accidents were “involved” in those accidents even if the car they were driving did not collide with another car. See State v. Korovkin, 202 Ariz. 493, 47 P.3d 1131, 1135 (2002) (holding in a prosecution for leaving the scene of an accident that a driver, by racing with another driver, actively participated in the immediate chain of events culminating in a collision between the other driver and a third car); Armstrong v. State, 848 N.E.2d 1088, 1092 (Ind.) (holding that the duties imposed under a statute governing a driver’s failure to stop after an accident causing death are triggered regardless of whether the driver’s vehicle struck anything), cert. denied, — U.S. -, 127 S.Ct. 513, 166 L.Ed.2d 370 (2006); Steen v. State, 640 S.W.2d 912, 914 (Tex.Crim.App.1982) (holding in a prosecution for failure to stop and render aid that the defendant was “involved” in the collision where his improper lane change caused a passing vehicle to swerve to avoid hitting the defendant, resulting in a head-on collision between the passing vehicle and an oncoming vehicle); cf. State v. Perebeynos, 121 Wash.App. 189, 87 P.3d 1216, 1218-19 (2004) (holding that the evidence was sufficient to support the finding that the defendant was “involved in an accident” within the meaning of the hit-and-run statute, even though he made no contact with another vehicle because the defen *484 dant’s erratic driving caused another driver to swerve and hit a truck), review granted, 153 Wash.2d 1002, 103 P.3d 1247 (2005).
In this case, because Elder’s driving caused the crash, she was “involved in a crash resulting in the death of any person” and was required by the statute to remain at the scene. Therefore, the trial court erred in dismissing the charges against her. Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
CASANUEVA and CANADY, JJ., Concur.

. Section 316.027 formerly made it a felony to leave the scene of an ''accident.” The *483 statute was amended in 1999 to state that it is a felony to leave the scene of a "crash.” See ch. 99-248, § 82, at 2586, Laws of Fla.