RAY, J.
The State appeals from an order dismissing a charge that Jacob Thomas Gaul-den, Appellee, left the scene of a crash involving death, contrary to section 316.027(l)(b), Florida Statutes (2010). In granting Appellee’s motion to dismiss, the trial court concluded that a driver does not violate section 316.027(l)(b) by failing to stop when a passenger suffers death as a result of being separated from the driver’s moving vehicle. The State argues that this conclusion was error. For the reasons that follow, we agree and reverse.
The material facts are undisputed for the purposes of this appeal. The decedent was a passenger in a vehicle Appellee was driving until he became separated from the vehicle, struck the road, and suffered fatal injuries. When the decedent became separated from the vehicle, Appellee continued driving. He did not stop at the scene or as close to the scene as possible, and he did not remain at the scene until he had fulfilled the requirements of section 316.062, Florida Statutes (2010). Because there was no evidence that the decedent’s body came into contact with Appellee’s vehicle, the trial court concluded that the decedent’s separation from the vehicle and collision with the road did not constitute a “crash” within the meaning of section 316.027(l)(b). The court granted Appel-lee’s motion to dismiss on this basis.
A trial court’s ruling on a motion to dismiss a criminal charge is a question of law, subject to de novo review. Sexton v. State, 898 So.2d 1187, 1188 (Fla. 1st DCA 2005). The propriety of the trial court’s ruling in this case turns on its interpretation of section 316.027(l)(b), which is also a question of law, reviewable de novo. See Kasischke v. State, 991 So.2d 803, 807 (Fla.2008).
The goal of statutory interpretation is to give effect to the Legislature’s intent, which should be gleaned primarily from the language of the statute at issue. Id. at 807. In construing the plain language of a statute, courts are to give undefined terms their ordinary meanings, consulting a dictionary when necessary. Green v. State, 604 So.2d 471, 473 (Fla.1992). The statute under which Appellee was charged provides in pertinent part as follows:
The driver of any vehicle involved in a crash occurring on public or private property that results in the death of any person must immediately stop the vehicle at the scene of the crash, or as close thereto as possible, and must remain at the scene of the crash until he or she has fulfilled the requirements of s. 316.062.... Any person who willfully violates this paragraph commits a felony of the first degree....
§ 316.027, Fla. Stat. (2010). The dispute in this case centers on the meaning of the phrase “involved in a crash.”
Chapter 316 does not define the terms “involved” or “crash.” However, district courts of this state have already analyzed the meaning of these two terms *983 as used in chapter 316 according to their ordinary definitions. State, Dep’t of Highway Safety & Motor Vehicles v. Williams, 937 So.2d 815, 817 (Fla. 1st DCA 2006); State v. Elder, 975 So.2d 481, 483 (Fla. 2d DCA 2007). In State v. Elder, the Second District determined that the most pertinent definitions of the term “involved” as used in section 316.027(l)(b) are “to draw in as a participant,” to “implicate,” “to relate closely,” to “connect,” “to have an effect on,” to “concern directly,” and to “affect.” 975 So.2d at 483 (quoting Webster’s Collegiate Dictionary, 271, 226 (10th ed. 1998)). In State, Department of Highway Safety & Motor Vehicles v. Williams, this Court concluded that the dictionary definitions most descriptive of the noun “crash” as used in chapter 316 are “a breaking to pieces by or as if by collision” and “an instance of crashing.” 937 So.2d at 817 (quoting Webster’s Collegiate Dictionary, 271 (10th ed. 1998)). After noting that “crash” means “an instance of crashing,” the Williams Court observed that the verb “crash” is synonymous with the term “collide,” which means “to come together with solid or direct impact.” 937 So.2d at 817 (quoting Webster’s Collegiate Dictionary, 226 (10th ed. 1998)). Applying these definitions to section 316.027, we hold that a driver must stop when his vehicle is a participant in, or has an effect on, a collision that results in injury or death.
The statute does not require that the driver’s vehicle be one of the colliding objects; it requires only that the vehicle be “involved” in the collision. For this reason, the Elder court held that a driver was required to stop when she turned into the path of another car, causing the driver of that car to swerve, lose control of the car, and drive off the road. 975 So.2d at 482. The car flipped, ejecting a passenger and killing its driver. Id. The defendant in Elder argued that a crash had not occurred because there was no “actual contact between the two vehicles.” 975 So.2d at 482, 484. The Second District rejected this argument, holding that because the defendant’s “driving caused the crash, she was ‘involved in a crash resulting in the death of any person’ and was required by the statute to remain at the scene.” Id. at 484. In consideration of the facts of the instant case as applied to the statutory language, we note further that the statute does not require that the collision be between two vehicles or even that a vehicle be one of the colliding objects.
We disagree that either the legislative history of chapter 316 or the rule of lenity justifies the trial court’s dismissal, as the dissent suggests. Courts should apply canons of statutory construction and explore legislative history only when the statutory language is unclear. Koile v. State, 934 So.2d 1226, 1231 (Fla.2006). The rule of lenity, in particular, is a “canon of last resort,” to be employed only when statutory language is so ambiguous as to be susceptible of differing, irreconcilable interpretations, even after application of other rules of statutory construction. See Kasischke, 991 So.2d at 814. The language of section 316.027(l)(b) is broad, but it is not unclear. Consequently, it is unnecessary to apply the rule of lenity or any other canon of statutory construction. See Hayes v. David, 875-So.2d 678, 680 (Fla. 1st DCA 2004) (noting that when a statute is clear and unambiguous, “there is no occasion to resort to other rules of statutory construction”). We emphasize, however, that our interpretation not only honors the plain language of the statute, but also safeguards the implementation of one of the statute’s main purposes, which is to ensure that crash victims receive medical assistance as soon as possible. See State v. Dumas, 700 So.2d 1223, 1225 (Fla.1997); § 316.062(1) (requiring a driver who has stopped pursuant to section 316.027 to pro *984 ■vide reasonable assistance to anyone injured from a crash involving the driver’s vehicle, including the making of arrangements for medical treatment). Because the statute exists mainly to protect people, not vehicles, we have no hesitation about interpreting the term “crash” as including any collision resulting in death or injury to a person.
Here, a passenger of Appellee’s moving vehicle collided with the road as he became separated from the vehicle and suffered fatal injuries. This collision constituted a crash. Because the movement of Appel-lee’s vehicle significantly contributed to causing this collision, Appellee’s vehicle was involved in it. Under these circumstances, Appellee is properly subject to criminal prosecution for failing to stop his vehicle and fulfill the requirements of section 316.062(1), which included rendering reasonable assistance to his passenger. For these reasons, we reverse the dismissal of this charge.
REVERSED.
THOMAS, J., concurs.
DAVIS, J., dissents with opinion.