DAVIS, J.,
dissenting.
Because I believe that the trial court correctly dismissed the charge of leaving the scene of a crash involving death, I respectfully dissent.
Interestingly, the majority fails to mention that, prior to 1999, section B16.027(1)(b), Florida Statutes, spoke in terms of any vehicle involved in an “accident.” In 1999, the Legislature amended section 316.027(l)(b), along with other similar statutes, by substituting the word “crash” for the word “accident.” Ch. 99-248, § 82, Laws of Fla. Although the situation in this case might constitute an accident or an “unexpected and undesirable event” involving a vehicle, see, e.g., Armstrong v. State, 848 N.E.2d 1088, 1090 (Ind.2006), I, like the trial court, interpret the phrase “any vehicle involved in a crash” to mean that a vehicle must collide with another vehicle, person, or object before the driver may be held criminally liable for failing to remain at the scene.
I find support for this interpretation in a legislative staff analysis that addressed the change from “accident” to “crash” by setting forth, “Amends s. 316.027, F.S., to change the term ‘accident’ to ‘crash’ in order to update and conform terminology and to more accurately describe[] a collision involving a motor vehicle.” Fla. H.R. Comm, on Law Enf. & Crime Prevention for HB 593 (1999) Staff Analysis 6 (Feb. 23, 1999). As the trial court found, there was no evidence that Appellee’s vehicle collided with anyone or anything or that Appellee, who was also charged with manslaughter in this case, caused another vehicle to crash. While the majority relies upon our opinion in State, Department of Highway Safety and Motor Vehicles v. Williams, 937 So.2d 815 (Fla. 1st DCA 2006), and the Second District’s opinion in State v. Elder, 975 So.2d 481 (Fla. 2d DCA 2007), in support of its interpretation, neither of those cases addressed the question of whether a person can crash for purposes of section 316.027. As such, the majority’s reliance upon the dictionary definitions of “involved” and “crash,” as set forth in both opinions, is misplaced. Both cases actually involved a vehicle crash, which is what, according to my reading of the statute, is necessary for criminal liability to arise.
My interpretation is also guided by the rule of lenity, which requires that any ambiguity or situation in which statutory language is susceptible to differing constructions must be resolved in favor of the person charged with an offense. See Kasischke v. State, 991 So.2d 803, 814 (Fla. *985 2008) (citing section 775.021(1), Florida Statutes, which provides that criminal offenses shall be strictly construed and that when the language is susceptible of differing constructions, it shall be construed most favorably to the accused). Because the plain language of section 316.027(l)(b) does not answer the question presented in this case, the majority’s conclusion that the statute is clear and that the rule of lenity is not applicable is misguided. Had the Legislature wished to include in the statute a scenario where a passenger is separated from the vehicle and collides with the ground, it could have easily stated such. Instead, it substituted “crash” for “accident” in order to more accurately describe a collision involving a motor vehicle. Because there was no collision involving a motor vehicle in this case and because this Court must construe the ambiguous language most favorably to Appellee, I would affirm.