BENTON, J.
Jacob Thomas Gaulden appeals his conviction and sentence for leaving the scene of a “crash ... that resulted] in ... death,” in violation of section 316.027(l)(b), Florida Statutes (2010). We affirm.
A passenger in a pickup truck Mr. Gaul-den was driving “separated” from the vehicle,[1] landed on the pavement, and suffered fatal injuries. Although aware of his passenger’s exit from the moving truck, Mr. *918 Gaulden did not stop at the scene, or as close to the scene as possible, much less remain at the scene until he had fulfilled the requirements of section 316.062, Florida Statutes (2010) (requiring the driver of a vehicle involved in a crash resulting in injury or death to provide information such as the driver’s name, address, vehicle registration number, and license, and to render reasonable assistance, including arranging for medical treatment if necessary).
Charged with violating section 316.027(l)(b), Florida Statutes (2010), Mr. Gaulden moved to dismiss, and the trial court granted the motion. Section 316.027(1) provides in pertinent part:
(a) The driver of any vehicle involved in a crash ... that results in injury of any person must immediately stop the vehicle at the scene of the crash, or as close thereto as possible, and must remain at the scene of the crash until he or she has fulfilled the requirements of s. 316.062. Any person who willfully violates this paragraph commits a felony of the third degree....
(b) The driver of any vehicle involved in a crash ... that results in the death of any person must immediately stop the vehicle at the scene of the crash, or as close thereto as possible, and must remain at the scene of the crash until he or she has fulfilled the requirements of s. 316.062. Any person who willfully violates this paragraph commits a felony of the first degree....
In the absence of any evidence that the truck hit the decedent, the trial court ruled that the decedent’s hitting the pavement did not constitute a “crash” within the meaning of section 316.027(l)(b). Disagreeing with this interpretation of the statute, the state appealed the order dismissing the charge.
A different panel of this court ruled that the “statute does not require that the driver’s vehicle be one of the colliding objects; it requires only that the vehicle be ‘involved’ in the collision,” and reversed, holding that “a driver must stop when his vehicle is a participant in, or has an effect on, a collision that results in injury or death.” State v. Gaulden, 134 So.3d 981, 983, 2012 WL 1216263 (Fla. 1st DCA Apr. 12, 2012) [Gaulden I]. We held:
Because the statute exists mainly to protect people, not vehicles, we have no hesitation about interpreting the term “crash” as including any collision resulting in death or injury to a person.
Here, a passenger of [Mr. Gaulden’s] moving vehicle collided with the road as he became separated from the vehicle and suffered fatal injuries. This collision constituted a crash. Because the movement of [Mr. Gaulden’s] vehicle significantly contributed to causing this collision, [Mr. Gaulden’s] vehicle was involved in it. Under these circumstances, [Mr. Gaulden] is properly subject to criminal prosecution for failing to stop his vehicle and fulfill the requirements of section 316.062(1), which included rendering reasonable assistance to his passenger.
Id. On remand, the trial court proceeded from this premise. See Engle v. Liggett Grp., Inc., 945 So.2d 1246, 1266 (Fla.2006); Fitchner v. Lifesouth Cmty. Blood Ctrs., Inc., 88 So.3d 269, 275 (Fla. 1st DCA 2012) (stating when “an appellate court decides a point of law, that point is no longer open for debate on remand to the trial court”). After a jury trial on remand, Mr. Gaulden was found guilty of leaving the scene of a crash involving death.
He now appeals the conviction and sentence predicated on that verdict. For the first time on appeal, he argues the *919 trial court committed fundamental error in instructing the jury (consistently with the standard jury instruction[2]) that he could be found guilty if he knew or should have known that injury or death had occurred. Because leaving the scene of a crash involving death is a first-degree felony, while leaving the scene of a crash involving injury, but not death, is a third-degree felony, he argues, the state was required to prove that he should have known (from the nature of the “crash”) that a fatal injury had occurred, not merely that an injury of some kind had resulted. In State v. Dumas, 700 So.2d 1223, 1225-26 (Fla.1997), however, our supreme court rejected this argument, explaining its decision, as follows:
Florida law imposes an affirmative duty on a driver to stop, render aid, and provide certain information necessary for an insurance claim and an accident report whenever there is an injury. Florida law further makes it a felony to fail to complete these duties. One of the main purposes of the statute is to ensure that accident victims receive medical assistance as soon as possible. The fact that a death rather than an injury has occurred does not trigger a different set of duties. Thus, the knowledge element that triggers the affirmative duty is the same in each circumstance, but the sanction imposed is determined by the results of the accident. This result-driven sanction implicitly recognizes the possibility that a fleeing driver’s failure to stop and render aid may be the reason that an injured person dies. Moreover, requiring proof that a driver had knowledge of death would lead to an absurd result: a driver who callously leaves the scene of a serious accident can avoid a [more serious] felony conviction by disavowing knowledge of death.
(citations omitted). The Dumas court had no difficulty reading the statute as requiring the same duty whether the driver had reason to believe death or mere injury had occurred. It could, indeed, be argued that it is more important to stop to help an injured survivor than to assist with a corpse. In any event, we are bound to *920 reject appellant’s first claim of fundamental error as foreclosed by the decision in Dumas.
We also reject the argument that the trial court committed fundamental error in failing to instruct the jury that the state had to prove the defendant had actual knowledge of the accident. For this point, appellant relies principally on Dorsett v. State, _ So.3d _, 2013 WL 331602, 38 Fla. Law Weekly D233 (Fla. 4th DCA Jan. 30, 2013), review granted, 122 So.3d 869 (Fla.2013), a case in which fundamental error was not even argued.[3] The defendant in Dorsett insisted that he did not stop the car he was driving when he ran over somebody lying in the street because he did not know he had hit anyone. Id. at D233, at _. In contrast, Mr. Gaulden conceded he knew his passenger suddenly left the moving vehicle, and could not have been unaware that, whether the passenger jumped or was pushed, he was destined to hit the paved shoulder, if not the roadway itself.
For purposes of decision, we assume that the state must establish that the driver knew that a “crash” had occurred,[4] in *921 order to prove that the driver had reason to know of a death or injury caused by the crash, an accident which the driver was legally obligated not to leave without, inter alia, offering assistance. As then Chief Judge May explained, “While our supreme court addressed the knowledge issue as it related to ‘injury,’ it has not been asked to address knowledge of the ‘accident’ as an element of the crime. Even so, the supreme court explained that ‘knowledge of the accident is an essential element of section 316.027, for one cannot “willfully” leave an accident without awareness that an accident has occurred.’” Dorsett, 38 Fla. L. Weekly at D234, _ So.3d at _ (quoting State v. Mancuso, 652 So.2d 370, 371 (Fla.1995)).
Mr. Gaulden argues that the present case is factually similar to Dorsett and asserts fundamental error on the ground that the jury instruction that was given below — requiring the jury to find, not that he had actual knowledge of a crash, but only that he “knew or should have known” that he had been involved in a crash— pertained to an element the jury had to decide on in order to convict. But the present case is unlike Dorsett, because the trial judge was never alerted to Mr. Garden’s desire for any jury instruction other than the standard instruction that was actually given. In Dorsett, the defendant requested that the jury be instructed that “actual knowledge” of the collision was “an essential element” of the offense. Id. Mr. Gaulden neither objected to the standard jury instruction nor requested a special instruction.
Nor, again unlike Dorsett, was the fact of a “crash” really in dispute in the present case. “ ‘Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error.’ Thus, a defective instruction in a criminal case can only constitute fundamental error if the error pertains to a material element that is disputed at trial.” Daniels v. State, 121 So.3d 409, 417-18 (Fla.2013) (citation omitted). “To justify not imposing the contemporaneous objection rule, ‘the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’ In other words, ‘fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict.’ ” State v. Delva, 575 So.2d 643, 644-45 (Fla.1991) (citations omitted). The dispute over whether a crash occurred was legal, not factual. If, as the court held the last time this case was before it, a passenger’s hitting the pavement is a crash with *922 in the meaning of the statute, giving the standard jury instruction did not constitute fundamental error.
Finding no merit in Mr. Gaulden’s remaining arguments, we affirm his conviction and sentence. Now that proceedings have concluded in the trial court, however, we do certify as a question of great public importance the following for possible review and decision by our supreme court:
WHEN A PASSENGER SEPARATES FROM A MOVING VEHICLE AND COLLIDES WITH THE ROADWAY OR ADJACENT PAVEMENT, BUT THE VEHICLE HAS NO PHYSICAL CONTACT EITHER WITH THE PASSENGER, AFTER THE PASSENGER’S EXIT, OR WITH ANY OTHER VEHICLE, PERSON, OR OBJECT, IS THE VEHICLE “INVOLVED IN A CRASH” SO THAT THE DRIVER MAY BE HELD CRIMINALLY RESPONSIBLE FOR LEAVING THE SCENE?
We specifically decline to reexamine the decision in Gaulden I ourselves at this juncture. The rule it laid down has become the law of the case. See Engle, 945 So.2d at 1266; Fitchner, 88 So.3d at 275 (“When an appellate court decides a point of law, ... with limited exceptions, it is no longer open for debate in a subsequent appeal [to the same court].” (citation omitted)).
Affirmed. Question certified.
LEWIS, C.J. and SWANSON, J„ concur.

. In a recorded interview with law enforcement officers, Mr. Gaulden stated that the decedent jumped out of the vehicle after they scuffled, but that he did not think the truck was traveling so fast that the decedent would be hurt. One witness described seeing the decedent open the passenger door and the interior light come on, before seeing Mr. Gaulden and the decedent fighting in the cab. The same witness testified that the truck then accelerated so rapidly that the passenger door closed on its own. A second witness described observing Mr. Gaulden’s truck "flying by," and stated the driver "had it to the floor and the truck swerved.” These two witnesses, friends of the decedent, said they followed the truck, but that, when they reached it a few minutes later, the decedent was not in the truck with Mr. Gaulden. The decedent’s body was eventually found near where the truck swerved and accelerated.

.The standard jury instruction for section 316.027(1), Florida Statutes, reads as follows:
To prove the crime of Leaving the Scene of a Crash, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) was the driver of a vehicle involved in a crash resulting in [injury to] [death of] any person.
2. (Defendant) knew or should have known that [he] [she] was involved in a crash.

Give 3a if death is charged or 3b if injury is charged.

3.a. (Defendant) knew or should have known of the injury to-or death of the person.
b. (Defendant) knew or should have known of the injury to the person.

Give 4a, 4b, or both as applicable.

4.a. (Defendant) willfully failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given “identifying information” to the [injured person] [driver] [occupant] [person attending the vehicle] and to any police officer investigating the crash.
[or]
b. (Defendant) willfully failed to render "reasonable assistance” to the injured person if such treatment appeared to be necessary or was requested by the injured person.
If the State proves that the defendant willfully failed to give any part of the "identifying information” or willfully failed to give reasonable assistance, the State satisfies this element of the offense.

Definitions.

“Identifying information” means the name, address, vehicle registration number, and, if available and requested, the exhibition of the defendant’s license or permit to drive.
"Reasonable assistance” includes carrying or making arrangements to carry the injured person to a physician or hospital for medical treatment.
"Willfully” means intentionally and purposely.
Fla. Std. Jury Instr. (Crim.) 28.4.

. The trial court rejected Dorsett’s requested special instruction that the state had to prove the defendant “knew that he was involved in an accident.” Dorsett v. State, _ So.3d _, _, 2013 WL 331602, 38 Fla. L. Weekly D233, D233 (Fla. 4th DCA Jan. 30, 2013), review granted, 122 So.3d 869 (Fla.2013). Instead, the jury was given the standard instruction that the state must prove the defendant "knew or should have known that" he was involved in an accident. Id. at D234, at _. The trial court also rejected the following special jury instruction requested by the defendant:
The Defendant’s knowledge that his car caused the personal injuries to [the victim] is a necessary element of the offense of failing to remain at the scene of an accident under Florida Statute Section 316.027. Actual knowledge of the accident is an essential element of this crime, for one cannot "willfully” leave an accident without awareness that an accident has occurred. Further, the State must prove that [the defendant] had actual or constructive knowledge of the resulting injury to [the victim]— that is, [the defendant] either knew of [the victim’s] resulting injury, or reasonably should have known of such injury from the nature of the accident.
Id. at D233, at _ (emphasis omitted). On appeal, Dorsett argued the standard jury instructions included an incorrect statement of law because section 316.027 requires actual knowledge of the accident. The Dorsett court reversed, remanded for a new trial, and certified the following question to the supreme court: "In a prosecution for violation of section 316.027, Florida Statutes (2006), should the standard jury instruction require actual knowledge of the accident?” Id. at D235, at

. We need not decide the question because there was no objection to the standard jury instruction and any error would not be fundamental in this case but, as the Dorsett court acknowledged, "a quick review of [State v. Mancuso, 652 So.2d 370 (Fla.1995),] might suggest that the standard jury instruction accurately reflects the law.” 38 Fla. L. Weekly at D234-35, _ So.3d at _. Subsequent to the decision in Mancuso, the Florida Supreme Court approved the standard jury instruction providing that the element that must be proven is that the defendant "knew or should have known that [he] [she] was involved in an accident.” Standard Jury Instructions in Criminal Cases (95-2), 665 So.2d 212, 215 (Fla.1995).
The Dorsett court noted that ”[o]ther jurisdictions, such as Virginia, require that the defendant possess actual knowledge of the accident to be found guilty under the 'hit-and-run' statute.” 38 Fla. L. Weekly at D235 n. 2, _ So.3d at _. But still other jurisdictions hold otherwise. See, e.g., Clancy v. State, Nev. _, _ - _, 313 P.3d 226, 229-30 (2013) (concluding the trial court did not err in instructing the jury it had to find the defendant “knew or should have known that he had been involved in accident” instead of the requested instruction that the jury had to find the defendant "had actual knowledge of the accident,” and noting that, although “knowledge of involvement in an accident is required for criminal liability, ... ‘[djirect evidence of absolute, positive, subjective knowledge may *921 not always be obtainable[, and w]e think it sufficient if the circumstances are such as to induce in a reasonable person a belief that collision has occurred; otherwise a callous person might nullity the humanitarian purpose of the statute by the simple act of immediate flight from an accident scene without ascertaining exactly what had occurred’" (quoting State v. Wall, 206 Kan. 760, 482 P.2d 41, 45 (1971) (emphasis omitted)); Comstock v. State, 82 Md.App. 744, 573 A.2d 117, 123 (Md.Ct.Spec.App.1990) (”[B]efore a defendant can be convicted under a 'hit and run’ statute, the State must first show knowledge by the accused of the ‘hit,’ and that the ‘run’ or leaving was also knowing. As with any case in which scienter is an element, it may be proved circumstantially. The trier of fact may infer from an examination of the circumstances of the event that a defendant knew that an accident occurred or that people were injured. Where conditions were such that the driver should have known that an accident occurred, or should have reasonably anticipated that the accident resulted in injury to a person, the requisite proof of knowledge is present.”); contrast State v. Miller, 308 N.W.2d 4, 7 (Iowa 1981) (holding actual knowledge of accident is required, but noting that knowledge is seldom capable of direct proof and usually is established from the circumstances).