IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOSEPH WAYNE DAUGHERTY,

      Appellant,

v.                                                                                    Case No.  5D15-3805

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 22, 2016

Appeal from the Circuit Court
for Volusia County,
Terence R. Perkins, Judge.

James S. Purdy, Public Defender, and
Jacqueline Rae Luker and Nancy Ryan,
Assistant Public Defenders, Daytona
Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Cheesman,
Assistant Attorney General, Daytona
Beach, for Appellee.

PALMER, J.

      Joseph Daugherty (the defendant) appeals his conviction on the charge of leaving

the scene of a crash involving death. See § 316.027(2)(c), Fla. Stat. (2012).  Because the

trial court erred in denying the defendant's judgment of acquittal motion, we reverse.

The defendant was charged with leaving the scene of a crash involving death. The charges arose from a confrontation between the defendant and the victim while the defendant was sitting in the driver's seat of a vehicle parked in a driveway and the victim was attempting to enter the vehicle through an open window. The defendant backed the car out of the driveway in an attempt to avoid contact with the victim and, as he accelerated to leave the area, the victim (who was holding on to the vehicle through the open window) fell to the ground, sustaining a fatal head injury.

Section 316.027 provides:

> **316.027. Crash involving death or personal injuries**
> **. . . .**
> [2](c) The driver of a vehicle involved in a crash occurring on public or private property which results in the death of a person shall immediately stop the vehicle at the scene of the crash, or as close thereto as possible, and shall remain at the scene of the crash until he or she has fulfilled the requirements of s. 316.062.

§ 316.027(2)(c), Fla. Stat. (2012).

At trial, the defendant moved for the entry of a judgment of acquittal (JOA), arguing that the State failed to prove that a crash occurred between the defendant's car and the victim. The State countered, arguing that the crash was between the victim and the pavement. The trial court determined that there was no evidence that the victim was hit by the car, but denied the JOA motion in reliance on State v. Gaulden, 134 So. 3d 981 (Fla. 1st DCA 2012) (holding that passenger's collision with road was a crash and, thus, driver was subject to prosecution for failing to stop).

While this appeal was pending, the Supreme Court decided Gaulden v. State, 195 So. 3d 1123 (Fla. 2016), reversing the district court's holding in Gaulden. That opinion reads, in relevant part:

2

The First District certified the following question as one of great public importance:

WHEN A PASSENGER SEPARATES FROM A MOVING VEHICLE AND COLLIDES WITH THE ROADWAY OR ADJACENT PAVEMENT, BUT THE VEHICLE HAS NO PHYSICAL CONTACT EITHER WITH THE PASSENGER, AFTER THE PASSENGER'S EXIT, OR WITH ANY OTHER VEHICLE, PERSON, OR OBJECT, IS THE VEHICLE "INVOLVED IN A CRASH" SO THAT THE DRIVER MAY BE HELD CRIMINALLY RESPONSIBLE FOR LEAVING THE SCENE?

Gaulden II, 132 So. 3d at 922.

Id. at 125. The Court answered the question as follows:

[W]e hold that the operative phrase "any vehicle involved in a crash" means that a vehicle must collide with another vehicle, person, or object. Plainly, under the undisputed facts of this case, no vehicle was involved in a collision within the meaning of the statute. Accordingly, we answer the certified question in the negative, quash the district court's decision, and remand the cause to the district court for application of our decision in this case.

Id. at 1128.

Since the State opposed the JOA motion on the basis that the crash occurred when the victim collided with the pavement, and the Supreme Court has now held that such an occurrence does not constitute a crash under the statute, the defendant was entitled to receive a JOA. Accordingly, the trial court's denial of the defendant's JOA motion is reversed, and this matter remanded for the entry of a JOA and discharge of the defendant.

REVERSED and REMANDED.

SAWAYA and COHEN, JJ., concur.

3