IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TAYLOR MICHAEL EDWARDS,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

Case No. 5D17-1320

_____/

Opinion filed October 12, 2018

Appeal from the Circuit Court
for Brevard County,
James H. Earp, Judge.

John J. Albert, of Albert & Donnelly, LLC,
Melbourne, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and L. Charlene Matthews,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      We reverse Taylor Edwards' conviction for leaving the scene of a crash involving

personal injury because the State's evidence was insufficient to establish that a crash

caused the injury alleged in the information.[1]  *See Gaulden v. State*, 195 So. 3d 1123, 1128 (Fla. 2016) (holding that section 316.027's operative phrase "'any vehicle involved in a crash' means that vehicle must collide with another vehicle, person, or object"); *see also Daugherty v. State*, 207 So. 3d 980, 981 (Fla. 5th DCA 2016) (holding that crash that occurred when the victim, who was trying to climb in window of car, fell and collided with pavement, did not constitute crash under leaving scene of crash involving death statute). We affirm, without discussion, Edwards' other conviction.

AFFIRMED, in part; REVERSED, in part; and REMANDED.

EVANDER and EISNAUGLE, JJ., and ROGERS, S.G., Associate Judge, concur.

---

[1] In his motion for judgment of acquittal at trial, Edwards failed to apprise the trial court as to why the State's evidence was insufficient, as a matter of law, to support a conviction.  Accordingly, our reversal is based on application of the fundamental error doctrine.  *See F.B. v. State*, 852 So. 2d 226, 230 (Fla. 2003) ("[A]n argument that the evidence is totally insufficient as a matter of law to establish the commission of a crime need not be preserved.  Such complete failure of the evidence meets the requirements of fundamental error . . . .").