652 So.2d 370 (1995)
STATE of Florida, Petitioner,
v.
Dennis MANCUSO, Respondent.
No. 83572.
Supreme Court of Florida.
March 16, 1995.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Sr. Asst. Atty. Gen., Chief, Crim. Law and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for respondent.
HARDING, Justice.
We have for review Mancuso v. State, 636 So.2d 753, 755 (Fla. 4th DCA 1994), in which the Fourth District Court of Appeal certified the following question to be one of great public importance:
IN A PROSECUTION FOR VIOLATION OF SECTION 316.027, FLORIDA STATUTES (1991), MUST THE STATE SHOW THAT THE DEFENDANT KNEW OR SHOULD HAVE KNOWN OF THE INJURY OR DEATH; AND THE JURY BE SO INSTRUCTED?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, and answer the certified question in the affirmative.
Dennis Mancuso was charged with leaving the scene of an accident involving death or personal injury under section 316.027, Florida Statutes (1991).[1] Mancuso struck two young women walking on a dark stretch of Interstate 95 in Palm Beach County at 4:30 a.m. on December 6, 1992. One of the victims was killed and the other was seriously injured.
At 11:30 a.m. of the same day, Mancuso went to the Palm Beach Gardens Police Department to report that his car had been involved in an accident. According to Mancuso, he did not know that his vehicle had hit anything. He heard a loud noise, everything went black, and his windshield cracked. Mancuso pulled his car over to the emergency lane, inspected the car, and did not see any debris on the road. Mancuso abandoned his disabled car near the scene and walked home.
At trial, Mancuso requested a jury instruction regarding knowledge of injury. The *371 requested instruction provided that the State must prove that Mancuso knew that he was involved in an accident which resulted in personal injury to another and then willfully left the scene and willfully failed to render aid or give certain information as required by section 316.062, Florida Statutes (1991).[2] Mancuso's requested instruction essentially included "actual knowledge of injury" as an element of section 316.027.
The trial court denied Mancuso's requested instruction and instead gave an instruction that completely omitted any knowledge of injury. The jury was instructed that it need only find that Mancuso was involved in accident that resulted in injury or death, that he knew or should have known that he was involved in an accident, and that he willfully failed to stop at the scene of the accident.
On appeal, the Fourth District Court of Appeal reversed Mancuso's conviction because of the absence of any instruction to the jury on "`constructive knowledge' of the death/injury." Mancuso, 636 So.2d at 754. The district court granted the State's subsequent motion for certification and certified the question to this Court. Id. at 756.
Section 316.027, as well as the "hit-and-run" statutes in a number of other jurisdictions, was modeled after the Uniform Vehicle Code.[3]See ch. 71-135, at 433, Laws of Fla. (explaining that Florida's uniform traffic control law in chapter 316 is a consolidation of the existing state traffic laws and traffic ordinances and the suggested laws and ordinances contained in the Uniform Vehicle Code and Model Traffic Ordinance); see also State v. Tennant, 173 W. Va. 627, 319 S.E.2d 395, 400 (1984) (stating that "hit-and-run" statute of West Virginia and a large number of other states are modeled after the Uniform Vehicle Code).
This Court has previously determined that section 316.027 creates only one crime, the felony of "willfully" leaving the scene of an accident involving injury. Stanfill v. State, 384 So.2d 141, 143 (Fla. 1980). In reaching that determination, this Court implicitly recognized that knowledge of the accident is an essential element of section 316.027, for one cannot "willfully" leave an accident without awareness that an accident has occurred. A majority of jurisdictions that have considered similarly worded "hit-and-run" statutes have also concluded that knowledge of the accident must be read into the statute. See Tennant, 319 S.E.2d at 400 and cases cited therein. See generally A. Kaufman, Annotation, Necessity and Sufficiency of Showing in a Criminal Prosecution Under a "Hit-and-Run" Statute Accused's Knowledge of Accident, Injury, or Damage 23 A.L.R.3d 497 (1969 & Supp. 1994).
The question presented in this case, whether knowledge of injury is an essential element of section 316.027, is one of first impression for this Court. However, we note that the First District Court of Appeal has previously determined that a "defendant's knowledge that his car [has] caused personal injuries or property damage" is a necessary element of the offense of failing to remain at the scene of an accident. Haire v. State, 155 So.2d 1, 2 (Fla. 1st DCA 1963).
In construing a statute modeled after a uniform law, "it is pertinent to resort to the holdings in other jurisdictions where the act is in force." Valentine v. Hayes, 102 Fla. 157, 160, 135 So. 538, 540 (1931); see also 49 Fla.Jur.2d Statutes § 170 (1984). The majority of states that have considered this issue require either actual or constructive knowledge of injury in order to find a driver criminally liable for leaving the scene of an accident resulting in injury. See Touchstone *372 v. State, 42 Ala.App. 141, 155 So.2d 349 (1963); Kimoktoak v. State, 584 P.2d 25 (Alaska 1978); State v. Porras, 125 Ariz. 490, 610 P.2d 1051 (Ct.App. 1980); People v. Holford, 63 Cal.2d 74, 45 Cal. Rptr. 167, 403 P.2d 423 (1965); State v. Parish, 79 Idaho 75, 310 P.2d 1082 (1957); Micinski v. State, 487 N.E.2d 150 (Ind. 1986); State v. Miller, 308 N.W.2d 4 (Iowa 1981); Comstock v. State, 82 Md. App. 744, 573 A.2d 117 (1990); State v. Stafford, 208 Mont. 324, 678 P.2d 644 (1984); State v. Fearing, 304 N.C. 471, 284 S.E.2d 487 (1981); State v. Minkel, 89 S.D. 144, 230 N.W.2d 233 (1975); State v. Sidway, 139 Vt. 480, 431 A.2d 1237 (1981); Herchenbach v. Commonwealth, 185 Va. 217, 38 S.E.2d 328 (1946); Tennant. See also 23 A.L.R.3d 497.
The courts that have interpreted their "hit-and-run" statutes as requiring knowledge of injury have expressed two primary rationales for such an interpretation: 1) the statute imposes a more severe criminal penalty for leaving the scene of an accident where personal injuries are involved than does a similar statute imposing sanctions where only property damage is involved, Porras, 610 P.2d at 1053-54; and 2) the "statute requires an affirmative course of action to be taken by the driver and it necessarily follows that one must be aware of the facts giving rise to this affirmative duty in order to perform such a duty," Kimoktoak, 584 P.2d at 31.
We are persuaded that the interpretation followed by the majority of other jurisdictions is correct. Thus, we hold that criminal liability under section 316.027 requires proof that the driver charged with leaving the scene either knew of the resulting injury or death or reasonably should have known from the nature of the accident and that the jury should be so instructed. We refer this matter to The Supreme Court Committee on Standard Jury Instructions in Criminal Cases for consideration of an instruction consistent with our holding in this case.
Accordingly, we answer the certified question in the affirmative and approve the decision below that reversed and remanded for a new trial. We do not address the other issues raised by Mancuso.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Section 316.027, Florida Statutes (1991), provides in pertinent part:

(1) The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop such vehicle at the scene of the accident, or as close thereto as possible, and shall forthwith return to, and in every event shall remain at the scene of, the accident until he has fulfilled the requirements of s. 316.062.
(2) Any person willfully failing to stop or to comply with the requirements of subsection (1) under such circumstances is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] Under section 316.062(1), Florida Statutes (1991), the driver of a vehicle involved in an accident that results in injury to or death of any person or damage to an attended vehicle has a duty to give certain information to the others involved in the accident and to police officers and also has a duty to render aid to any injured person.
[3] Section 10-102 of the Uniform Vehicle Code provides that "[t]he driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop" at the scene and fulfill the requirements of section 10-104. Section 10-104 imposes a duty to give certain information (name, address, and vehicle registration number) and render aid. Sections 316.027 and 316.062, Florida Statutes (1991), essentially track the language of these sections of the Uniform Vehicle Code.