MAY, C.J.
The defendant appeals his conviction and sentence for leaving the scene of a crash involving injury. He raises numer *533 ous issues. We find merit in his argument that the trial court erred in failing to give two requested special jury instructions. We therefore reverse his conviction and remand the case for a new trial. We further certify the following question to the supreme court as one of great public importance:
In a prosecution for violation of section 316.027, Florida Statutes (2006), should the standard jury instruction require actual knowledge of the crash?
The defendant was driving a heavy pickup truck northbound on A1A. According to the defendant, he had his windows rolled up, windshield wipers and air conditioner on, and was listening to the radio at full volume. He saw a lot of people running across the street from the beach as it began to rain. The people had cleared the street as he drove through the intersection.
According to the defendant, he was unaware that a young teenager had lost control of his skateboard and fell as he crossed the road, hitting the truck’s passenger side undercarriage. The defendant continued traveling north at a normal rate of speed and did not stop. He was not under the influence of drugs or alcohol, and had no hearing or health problems.
Law enforcement stopped the defendant approximately three miles from the accident. When questioned by law enforcement as to why he did not stop, the defendant explained:
The bottom line is if I would have known I had hit somebody, I would have definitely stopped this truck; that’s the bottom line. I didn’t — there was no — at all but the radio and me driving; I didn’t hear anything else, nothing was going on. I just found out about this person getting struck by my truck that I have no idea I had struck.
The State charged the, defendant with leaving the scene of a crash involving injury. He entered a not guilty plea and proceeded to trial. There, the officer who stopped the defendant testified that the victim was on his rear end in the crosswalk when he was hit by the truck. The victim went underneath the truck and was dragged almost ninety feet. There was no evidence of braking, skid marks; brake lights, evasive steering, or a change in speed. There was no damage to the front of the truck.
Several witnesses testified that they saw the accident. One saw the truck’s wheels go over the victim’s body and heard the truck ride over him. A worker testified that he heard the accident from one of the upper floor patios of a building where he was installing windows; he saw the victim skateboard into the street, go underneath the truck, and be dragged down the street. His co-worker testified that he saw the skateboard being spit out from under the truck’s right rear tire and heard the skateboard crack in two. He also saw the back right tire of the truck actually raise up or jump up.
Another eyewitness testified that she was in a car at the light when she heard a loud noise at impact through her closed window. Another witness testified that he was about seventy-five to one hundred yards away from the road when he heard a loud thud and the sound of cracking wood. Yet another witness testified that she saw the victim fall off the skateboard and hit the right side of the truck.
A second officer testified that he pulled the defendant’s vehicle over within minutes of the accident. The defendant immediately jumped out of the truck and appeared very nervous. He was visibly shaking and stuttering. The defendant repeatedly asked why he had been stopped. According to the second officer, the truck’s *534 windows were up, but the radio was not on.
The defense offered the following special jury instruction[1] at the charge conference: To prove the crime of Leaving the Scene of an Accident, the State must prove the following four elements beyond a reasonable doubt:
1: [The defendant] was the driver of a vehicle involved in an accident resulting in injury to any person.
2: [The defendant] knew that he was involved in an accident.
3: (a) [The defendant] knew of the resulting injury to the person; or
(b) reasonably should have known of the resulting injury to the person from the nature of the accident.
4: (a) [The defendant] willfully failed to stop at the scene of the accident or as close to the accident as possible and remain there until he had given “identifying information”...; or
(b) [The defendant] willfully failed to render “reasonable assistance” to the injured person if such treatment appeared to be necessary or was requested by the injured person.
[[Image here]]
(Emphasis added).
The defense also requested the following special jury instruction:
The Defendant’s knowledge that his car caused the personal injuries to [the victim] is a necessary element of the offense of failing to remain at the scene of an accident under Florida Statute Section 316.027.
Actual knowledge of the accident is an essential element of this crime, for one cannot “willfully” leave an accident without awareness that an accident has occurred.
Further, the State must prove that [the defendant] had actual or constructive knowledge of the resulting injury to [the victim] — that is, [the defendant] either knew of [the victim’s] resulting injury, or reasonably should have known of such injury from the nature of the accident.
(Emphasis added). The trial court declined the special instructions and instead gave the standard jury instruction, which did not include the emphasized language. Fla. Std. Jury Inst. (Crim.) 28.4.
The jury found the defendant guilty. The trial court entered judgment against the defendant, and sentenced him to twenty-four months in prison. The defendant moved for a new trial, which was denied along with the defendant’s Renewed Post-Verdict Motion for Judgment of Acquittal and Motion for New Trial. The defendant now appeals.
The defendant argues that the standard jury instructions included an incorrect statement of law regarding section 316.027, Florida Statutes (2006), because the law requires actual knowledge of the accident. The State responds that the defendant’s special jury instructions were properly rejected because the standard jury instructions accurately reflect the law under State v. Mancuso, 652 So.2d 370 (Fla. 1995).
We afford trial courts “broad discretion in formulating appropriate jury instructions” and will reverse only when the error results “in a miscarriage of justice or the instruction was reasonably calculated to confuse or mislead the jury.” Barton *535 Protective Servs., Inc. v. Faber, 745 So.2d 968, 974 (Fla. 4th DCA 1999).
The Florida Standard Jury Instructions in Criminal Cases were designed to eliminate — or minimize — juror confusion concerning the applicable law in criminal cases. The instructions were researched and formulated by a committee of experts and then reviewed by this Court in an effort to eliminate imprecision. The charges were designed above all to be accurate and clear — and thus to withstand appellate scrutiny.
Perriman v. State, 781 So.2d 1243, 1246 (Fla.1999). However, the trial judge still bears the responsibility of providing the jury with proper and correct instructions in each case. Kearse v. State, 662 So.2d 677, 682 (Fla.1995).
“[T]he failure to give special jury instructions does not constitute error where the instructions given adequately address the applicable legal standards.” Stephens v. State, 787 So.2d 747, 755 (Fla.2001). “Thus, [a defendant] has the burden of demonstrating that the trial court abused its discretion in giving standard instructions.” Id. at 755-56. To meet that burden, a defendant must “ ‘show that: (1) the requested instruction accurately states the law applicable to the facts of the case; (2) the testimony and other evidence presented support the giving of the instruction; and (3) the instruction was necessary to resolve the issues in the case properly.’ ” McConnell v. Union Carbide Corp., 937 So.2d 148, 153 (Fla. 4th DCA 2006) (quoting Force v. Ford Motor Co., 879 So.2d 103, 106 (Fla. 5th DCA 2004)) (emphasis added).
Here, the defendant was charged with a violation of section 316.027, which provides:
The driver of any vehicle involved in a crash occurring on public or private property that results in injury of any person must immediately stop the vehicle at the scene of the crash, or as close thereto as possible, and must remain at the scene of the crash until he or she has fulfilled the requirements of § 316.062. Any person who willfully violates this paragraph commits a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
§ 316.027(l)(a), Fla. Stat. (2006). As can be seen, the statute does not speak in terms of knowledge of the accident or injury, but rather in terms of willfulness in failing to remain at the scene. Case law has, however, supplied the knowledge requirements to justify the enhanced penalty. See Mancuso, 652 So.2d at 372.
The issue raised in this case is whether actual knowledge of the accident itself is required to sustain a conviction under the statute. While our supreme court addressed the knowledge issue as it related to “injury,” it has not been asked to address knowledge of the “accident” as an element of the crime. Even so, the supreme court explained that “knowledge of the accident is an essential element of section 316.027, for one cannot ‘willfully’ leave an accident without awareness that an accident has occurred.” Id. at 371.
At the time of the Mancuso trial, no standard jury instruction for violation of section 316.027 existed. Mancuso v. State, 636 So.2d 753, 754 (Fla. 4th DCA 1994). During trial, the defense asked the trial court to instruct the jury that the State had to prove Mancuso “knew that he was involved in an accident which resulted in personal injury to another.” Id. The trial court denied the request and instructed the jury that to prove the felony crime, the State needed to establish: (1) the defendant “was the driver of a vehicle involved in an accident resulting in injury;” (2) the defendant “knew or should have known *536 that he was involved” in an accident; and (3) the defendant “willfully failed to stop and remain at the scene.” Id. The defendant was convicted and appealed to this court.
We reversed and “conclude[d] that the element of willfulness in the Florida statute requires a finding of knowledge — actual or constructive — of injuries.” Id. at 756. We then certified the following question to the supreme court:
IN A PROSECUTION FOR VIOLATION OF SECTION 816.027, FLORIDA STATUTES (1991), MUST THE STATE SHOW THAT THE DEFENDANT KNEW OR SHOULD HAVE KNOWN OF THE INJURY OR DEATH; AND THE JURY BE SO INSTRUCTED?

Id.

After reviewing the law in other states that were modeled after the Uniform Vehicle Code, our supreme court reasoned that “hit-and-run” statutes require knowledge of injury as well as knowledge of the accident because
1) the statute imposes a more severe criminal penalty for leaving the scene of an accident where personal injuries are involved than does a similar statute imposing sanctions where only property damage is involved; and 2) the “statute requires an affirmative course of action to be taken by the driver and it necessarily follows that one must be aware of the facts giving rise to this affirmative duty in order to perform such a duty[.]”
Mancuso, 652 So.2d at 372 (quoting Ki-moktoak v. State, 584 P.2d 25, 31 (Alaska 1978)).[2] The supreme court approved of our decision that the “knew or should have known” of the injury language was required in an instruction. Id. In doing so, it specifically indicated that “knowledge of the accident is an essential element of’ the crime. Id. at 371. But, it had not been called upon to address whether actual or constructive knowledge of the accident is required.
The supreme court then directed the Supreme Court Committee on Standard Jury Instructions in Criminal Cases to create a standard jury instruction in line with its opinion. Id. at 372. When the Committee did so, it used the “knew or should have known” language for both knowledge of the accident and of the resulting injury. Until this case, the language has remained unchallenged.[3]
Here, the defense request for a special instruction attempted to cull from Mancu-so the supreme court’s acknowledgement that a defendant must first know of the accident before he either knows or should know of the injury. This was particularly important in this case where the defendant claimed to have no knowledge of the accident itself. How could he therefore know or be expected to know of a resulting injury? We recognize there was testimony from which a jury may have determined that the defendant actually knew of the accident, but the jury was not instructed that actual knowledge of the accident had to be proved.
We do not fault the trial court for relying on a standard jury instruction.[4] And, *537 while a quick review of Maneuso might suggest that the standard jury instruction accurately reflects the law, our supreme court has never been asked to address the knowledge requirement as it relates to the accident. Even so, in Maneuso the supreme court indicated that knowledge of the accident was an essential element of the crime. We now request the court to focus on the knowledge requirement as it relates to the accident itself.
We reverse and remand the case to the trial court for a new trial. We further certify the following question to the supreme court.
In a prosecution for violation of section 316.027, Florida Statutes (2006), should the standard jury instruction require actual knowledge of the accident?

Reversed and Remanded.

DAMOORGIAN and GERBER, JJ., concur.

. Only the pertinent parts of the jury instructions have been included for purposes of the discussion.

.Other jurisdictions, such as Virginia, require that the defendant possess actual knowledge of the accident to be found guilty under the ''hit-and-run” statute. See, e.g., Payne v. Commonwealth, 277 Va. 531, 674 S.E.2d 835, 842 (2009).

. Since that time, our supreme court has again addressed the knowledge element, but the court’s review once again focused on the injury or death part of the statute, and not on knowledge of the accident. See generally State v. Dumas, 700 So.2d 1223 (Fla.1997).

. Our supreme court has previously held that *537 the giving of a standard jury instruction can constitute fundamental error. See State v. Montgomery, 39 So.3d 252, 258 (Fla.2010).