WOLF, J.
Appellant raises several issues challenging his convictions for leaving the scene of a crash involving death and vehicular homicide.
We affirm on all issues but one. We find that the standard jury instruction for the offense of leaving the scene of a crash involving death misstates the law with regards to the requisite level of knowledge that a crash occurred. We, therefore, reverse appellant’s conviction as to that count and remand for a new trial. However, we certify the same question certified by the Fourth District Court of Appeal in Dorsett v. State, 147 So.3d 532, 2013 WL 331602 (Fla. 4th DCA Jan. 30, 2013), rev. granted, 122 So.3d 869 (Fla.2013), as being one of great public importance. We also write to address appellant’s claim that there was insufficient evidence of vehicular homicide.
I. Leaving the Scene of a Crash Involving Death
We first write to address appellant’s claim that the standard jury instruction for leaving the scene of accident involving death misstates the law and constitutes fundamental error in this case. We agree with appellant.
Appellant was convicted of leaving the scene of a crash involving death, a first degree felony under section 316.027, Florida Statutes (2011), which stated in relevant part that:
(b) The driver of any vehicle involved in a crash occurring on public or private property that results in the death of any person must immediately stop the vehicle at the scene of the crash, or as close thereto as possible, and must remain at the scene of the crash until he or she has fulfilled the requirements of s. 316.062.... Any person who willfully *576 violates this paragraph commits a felony of the first degree...
§ 316.027(l)(b), Fla. Stat. (2011) (emphasis added).
In State v. Mancuso, 652 So.2d 370 (Fla.1995), the supreme court held knowledge of an injury is an essential element of the offense of leaving the scene of an accident involving injury or death, and that element may be proven through evidence that the defendant knew or reasonably should have known that injury occurred.[1] The court went on and stated that knowledge of an accident is an essential element of section 316.027.
This Court has previously determined that section 316.027 creates only one crime, the felony of “willfully” leaving the scene of an accident involving injury. Stanfill v. State, 384 So.2d 141,143 (Fla.1980). In reaching that determination, this Court implicitly recognized that knowledge of the accident is an essential element of section 316.027, for one cannot “willfully" leave an accident without awareness that an accident has occurred. A majority of jurisdictions that have considered similarly worded “hit- and-run” statutes have also concluded that knowledge of the accident must be read into the statute. See [State v.] Tennant, 173 W.Va. 627, 319 S.E.2d [395, 400 (1984) ] and cases cited therein. See generally A. Kaufman, Annotation, Necessity and Sufficiency of Showing in a Criminal Prosecution Under a “Hit- and-Run” Statute Accused’s Knowledge of Accident, Injury, or Damage 23 A.L.R.3d 497 (1969 & Supp.1994).
Mancuso, 652 So.2d at 371 (emphasis added).
The standard jury instruction for this offense, however, states in relevant part that the State must prove “(Defendant) knew or should have known that [he][she] was involved in a crash_” Fla. Std. Jury Instr. (Crim.) 28.4(2). Appellant persuasively argues that the “knew or should have known” language of the standard jury instruction misstates the law, which should be interpreted to require actual knowledge of the crash.
The Fourth District in Dorsett v. State held that the standard jury instruction did not accurately state the law because a defendant must have actual knowledge of the crash in order to be held criminally liable for leaving the scene of a crash. Dorsett, 147 So.3d at 575.
We agree with the Fourth District that a defendant must have actual knowledge of the crash in order to willfully leave the scene.[2] “Willful” as defined in the standard jury instructions means “intentionally and purposefully.” Fla. Std. Jury Instr. *577 (Crim.) 28.4. We hold that a defendant cannot willfully, intentionally, or purposefully leave the scene of a crash without actually knowing that the crash occurred.
We acknowledge, however, that a defendant could attempt to escape criminal liability through deliberate indifference to circumstances that would lead a reasonable person to know that an accident occurred. In other words, we are concerned that a driver who reasonably should have known a crash occurred will continue to drive without stopping in order to avoid obtaining the requisite knowledge. However, because the statute as written by the Legislature requires willfulness, the jury instructions cannot permit a conviction based on mere constructive knowledge of the crash.[3] We, therefore, certify as did the Fourth District, the following question as being one of great public importance:
IN A PROSECUTION FOR VIOLATION OF 316.027, FLORIDA STATUTES (2011), SHOULD THE STANDARD JURY INSTRUCTIONS REQUIRE ACTUAL KNOWLEDGE OF THE ACCIDENT?
We also feel this is an issue the Legislature may wish to address.
II. Vehicular Homicide
Appellant also claims that the trial court erred in denying his motion for judgment of acquittal of vehicular homicide. The State, however, presented evidence that appellant had consumed alcohol for at least seven hours before driving. Additionally, the State presented evidence that dense smoke from an exploding mortar firework filled the car, and appellant did not stop driving. We hold that the evidence was sufficient to demonstrate recklessness and support a conviction for vehicular homicide.
In moving for judgment of acquittal, a defendant admits (1) facts stated in evidence and (2) conclusions favorable to the adverse party. Lynch v. State, 293 So.2d 44, 45 (Fla.1974). The trial court’s denial of a motion for judgment of acquittal will be affirmed so long as the record contains competent, substantial evidence supporting the ruling. Walker v. State, 957 So.2d 560, 577 (Fla.2007) (quoting Conde v. State, 860 So.2d 930, 943 (Fla.2003)).
“ ‘Vehicular homicide’ is the killing of a human being ... caused by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another.” § 782.071, Fla. Stat. (2011). In determining the State’s burden of proof for a vehicular homicide conviction, this court has reasoned that because “the offense of vehicular homicide has been described by the supreme court as involving a degree of negligence more than a mere failure to use ordinary care, the state must necessarily adduce evidence showing conduct at least sufficient to constitute reckless driving as ... involving a “willful or wanton disregard for the safety of persons or property....’” W.E.B. v. State, 553 So.2d 323, 326 (Fla. 1st DCA 1989) (quoting § 316.019, Fla. Stat.).
Appellant acknowledges there was testimony he had consumed alcohol. However, he argues that in W.E.B., this court found *578 alcohol consumption alone was insufficient to demonstrate the recklessness required to sustain a conviction for vehicular homicide. In fact, in W.E.B., this court held that evidence of alcohol consumption alone, without any indication that the driver’s faculties were impaired to any degree, was insufficient. Id. However, in the present case, appellant’s passenger testified that appellant had been drinking for at least seven hours prior to driving and was intoxicated. That is sufficient evidence from which the jury could reasonably conclude appellant drove impaired and in a reckless manner.
Even without testimony of appellant’s intoxication, the State presented evidence at trial that appellant continued to drive his vehicle without braking while a mortar firework exploded and filled the car with smoke. These facts are similar to the Fifth District’s case, State v. Ynocenscio, where that court determined passing a vehicle on a foggy highway constituted reckless behavior sufficient to support a conviction of vehicular homicide. State v. Ynocenscio, 773 So.2d 613 (Fla. 5th DCA 2000). Reduced visibility due to smoke from the exploding firework, like reduced visibility due to fog, created a dangerous situation where continuing to drive as appellant did was sufficiently reckless to support a conviction of vehicular homicide. Therefore, we find the State presented competent, substantial evidence supporting a conviction of vehicular homicide. Thus, we affirm that conviction.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED. QUESTION CERTIFIED.
LEWIS, C.J., and WETHERELL, J., concur.

. Mancuso considered the 1991 version of section 316.027, which prohibited leaving the scene of an accident involving injury or death. State v. Mancuso, 652 So.2d 370, n. 1 (Fla. 1995). The statute was later amended to create separate offenses for leaving the scene of an accident involving death or involving injury. See Ch. 93-140, § 1, Laws of Fla. In 1999, this section was amended to change the word "accident" to "crash.” Ch. 99-284, § 82, Laws of Fla.

. The same issue came before this court in Gaulden v. State, 132 So.3d 916 (Fla. 1st DCA 2014), rev. granted, S.C. 14-399, 2014 WL 1508454 (Apr. 2, 2014). The Gaulden court declined to decide the issue because knowledge of the accident was conceded by the appellant in that case, and thus this court held any error in the standard jury instruction was not fundamental there. The Gaulden court acknowledged a split among jurisdictions in other states as to whether constructive or actual knowledge of the accident is required in other "hit-and-run” statutes. Id. at n. 4. Some jurisdictions have expressed concern that proving actual knowledge would be "virtually impossible.” See Micinski v. State, 487 N.E.2d 150, 153 (Ind.1986). However, we disagree. "Knowledge or intent is seldom capable of direct proof, but usually is established from the surrounding circum *577 stances.” State v. Miller, 308 N.W.2d 4, 7 (Iowa 1981) (holding actual knowledge of the accident is required). Of note, none of the "hit-and-run” statutes at issue in the cases cited by Gaulden use the word "willfully.”

. We also note we are required to reverse as to this issue because, while evidence was presented that could demonstrate actual knowledge of a crash, this issue was hotly contested. An instruction which misinforms the jury of a contested essential element of a crime constitutes fundamental error. See State v. Delva, 575 So.2d 643, 644-45 (Fla.1991).