IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JULIANA GABRIELLE ELLZEY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-1403

Opinion filed January 20, 2015.

An appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for
Appellant.

Pamela Jo Bondi, Attorney General, Giselle Denise Lylen, Assistant Attorney
General, Tallahassee, for Appellee.

THOMAS, J.

      Appellant appeals her conviction for leaving the scene of a crash involving

death in violation of section 316.027(1)(b), Florida Statutes (2011).[1]  She also

_____

[1] In 2014, the Legislature amended the statute re-designating subsection (1) as
subsection (2), with the new subsection (1) which includes various definitions.

appeals the final judgment with respect to the fine and surcharge imposed as well as several scrivener's errors. Regarding her conviction, Appellant contends that the trial court erred by not granting her request for a special jury instruction requiring the State to prove beyond a reasonable doubt that Appellant had actual knowledge of the crash. Instead, the jury received the standard jury instruction which required the State to prove only that Appellant "knew or should have known" she was involved in a crash.

For the reasons explained below, we affirm the conviction. We reverse and remand the judgment for correction of certain sentencing errors.

*Facts*

Appellant and one of her two roommates (Smith) drove in Smith's vehicle to two bars, staying at the second one until closing time at about 4 a.m. Smith decided she was too intoxicated to drive home and obtained a ride from a friend. The friend gave Smith's keys to Appellant, and Appellant, who was admittedly intoxicated, drove herself home. On the way home Appellant struck the victim, who was standing or sitting in the middle of the road. The victim was wearing a black dress and the area where the collision occurred was described as very dark. Appellant continued driving home, arriving at her apartment before Smith.

Smith testified that when she entered their apartment, Appellant appeared "spaced out like something was on her mind." Appellant told her, "I can't believe

2

you drove your car," and Smith responded that she did not. The following morning Smith discovered damage to the hood of her vehicle; she called Appellant, but Appellant did not want to speak to her. Appellant later told Smith the police were looking for a car like Smith's which had been involved in a hit and run, and Smith said she would contact the police; Smith testified that Appellant told her, "I don't want any part in this."

Appellant's other roommate testified that Appellant arrived home between 3:30 a.m. and 4 a.m., and Appellant stated that Smith was "going to be mad at her." She also testified that Appellant said she took a taxi to the apartment. She testified that Smith arrived home shortly thereafter, and the three women talked about the evening, but Appellant "seemed like something was bothering her."

Appellant testified that Smith drove her vehicle back to the apartment, although Smith claimed she was driven home by her boyfriend. The following day she observed Smith's vehicle and noticed it was "dented in really bad."

During the trial, the State played a recording of Appellant's interview with law enforcement, during which she repeatedly denied driving Smiths's vehicle, but then stated "there's a possibility I drove." Appellant stated, "I didn't know I hit anybody honestly," she "just thought maybe I hit a cone or something." She also stated, "It didn't seem that bad but I was pretty drunk." Appellant was also heard

3

explaining that the cone she thought she hit was close to a red light, "where they're doing the road work . . . ."

There was conflicting testimony about the presence or location of traffic cones or barrels at the scene. One police investigator testified that there was a barrel or cone found at the accident scene; however, he did not see any damaged traffic barrels or cones. The homicide investigator testified that, other than the traffic barrel placed there to mark the body, there were no other traffic barrels in that lane of traffic. However, on cross-examination, the homicide investigator testified that there were traffic cones and barrels in the closed-off section of the roadway, including an overturned barrel that did not cause any concern to the officers canvassing the area. Importantly, he opined that the damage to the vehicle was not consistent with having been caused by a traffic barrel, and he did not see any orange scuff marks on the hood of the vehicle. Appellant's accident reconstruction expert, however, opined that there was evidence that a plastic object, such as a traffic barrel or cone, hit the hood of the vehicle. Further, there was conflicting testimony regarding the victim, including what part of the victim's body was struck, whether the victim was standing or sitting in the road when the collision occurred, and whether any part of her body struck the hood of the vehicle.

<u>Analysis</u>

4

Appellant's request for the special instruction at issue was based on the Fourth District's opinion in Dorsett v. State, 147 So. 3d 532 (Fla. 4th DCA 2013), review granted, 122 So. 3d 869 (Fla. 2013), with which this court later agreed in Cahours v. State, 147 So. 3d 574 (Fla. 1st DCA 2014). In Dorsett, the 4th District held that it was error to deny the defendant's request for a special jury instruction requiring the State to prove the defendant actually knew of the accident in question. 147 So. 3d at 536-37. In Cahours, this court held "that a defendant cannot willfully, intentionally, or purposefully leave the scene of a crash without actually knowing that the crash occurred." 147 So. 3d at 577.

Here, had there been an actual dispute whether Appellant was aware of a crash, our decision in Cahours would mandate reversal. Appellant's argument to the contrary notwithstanding, however, there was no such factual dispute. As noted, Appellant's position was that she was aware that she had struck something with the vehicle she was driving, but she was unaware that it was a person rather than a traffic cone or barrel. The defense argued:

> [N]ot one single witness tells you that my client knew or should have known that she left a person in that accident. . . . even the officers, even Maguadog and Tommy Anderson, not one single one of their witnesses say the one thing they have to prove in this case and that is whether or not my client knew or should have known, **not that she was involved in the accident but whether she knew that she left that poor girl there**. She couldn't have known.

5

(Emphasis added.) Defense counsel also argued that her investigator concluded that "there is no way my client could have or should have known that she hit a person in this accident . . . ." Counsel concluded: "And you're going to decide at the end of this thing I'm confident that my client did not know that she left somebody back there when she left that scene."

Thus, as stated in Gaulden v. State, 132 So. 3d 916, 921 (Fla. 1st DCA 2014), review granted 145 So. 3d 824 (Fla. April 2, 2014), and "unlike *Dorsett, . . .* the fact of a 'crash' [was not] really in dispute in the present case." Therefore, the failure to instruct on an element of the crime over which the record reflects there was no dispute was not reversible error. Cf. Cahours, 147 So. 3d at 577 n.3 ("We also note we are required to reverse as to this issue because, while evidence was presented that could demonstrate actual knowledge of a crash, this issue was hotly contested. An instruction which misinforms the jury of a contested essential element of a crime constitutes fundamental error.").

Consequently, the trial court did not err by giving Florida Standard Jury Instruction (Criminal) 28.4, which provides that the State must prove that a defendant "knew or should have known" of the injury or death of the victim. See State v. Mancuso, 652 So. 2d 370, 372 (Fla. 1995) (holding "that criminal liability under section 316.027 requires proof that the driver charged with leaving the scene either knew of the resulting injury or death or reasonably should have known from

the nature of the accident and that the jury should be so instructed."). Thus, we affirm Appellant's conviction.

Appellant also appeals the judgment, alleging, as she did in her unruled-upon motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), that it contained various errors, including the imposition of a fine pursuant to section 775.083, Florida Statutes, and the surcharge imposed on that fine. The State concedes error.

For the foregoing reasons, we AFFIRM Appellant's conviction. We REVERSE the judgment and REMAND to the trial court to correct the errors on the face of that judgment and to follow the proper procedure for imposing the fine.

AFFIRMED, in part, REVERSED, in part, and REMANDED with instructions.

WOLF and WETHERELL, JJ., CONCUR.