# Supreme Court of Florida

_____

No. SC13-310
_____

**STATE OF FLORIDA,**
Petitioner,

vs.

**ZACHARIAH DORSETT,**
Respondent.

[February 26, 2015]

CANADY, J.

In this case, we answer a certified question regarding the knowledge element of Florida's hit-and-run statute, section 316.027, Florida Statutes (2006). We have for review, Dorsett v. State, 147 So. 3d 532, 536-37 (Fla. 4th DCA), review granted, 122 So. 3d 869 (Fla. 2013), in which the Fourth District Court of Appeal held that in the prosecution of a driver for willfully leaving the scene of an accident involving an injury the statute requires the State to prove that the driver had "actual knowledge" of being involved in a crash. The district court certified to this Court the following question: "In a prosecution for violation of section 316.027, Florida Statutes (2006), should the standard jury instruction require actual knowledge of

the crash?" 147 So. 3d at 533 (emphasis in original). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. To answer the question, we begin by reviewing the facts of the case and then examine the statute and the cases construing it to determine whether a criminal conviction for violation of the hit-and-run statute requires proof of the driver's actual knowledge rather than mere constructive knowledge of being involved in a crash. For the reasons explained below, we answer the certified question in the affirmative.

## I. BACKGROUND

Zachariah Dorsett was charged with leaving the scene of a crash resulting in an injury under this state's hit-and-run statute, a third degree felony under section 316.027(1), Florida Statutes (2006). The statute is set out fully in our subsequent discussion. In brief, however, the statute requires the driver involved in a vehicular crash to stop, provide assistance to anyone injured, and provide information to others and the authorities. The district court summarized the underlying facts presented at Dorsett's trial as follows:

> The defendant was driving a heavy pickup truck northbound on A1A. According to the defendant, he had his windows rolled up, windshield wipers and air conditioner on, and was listening to the [portable] radio at full volume. He saw a lot of people running across the street from the beach as it began to rain. The people had cleared the street as he drove through the intersection.
> According to the defendant, he was unaware that a young teenager had lost control of his skateboard and fell as he crossed the road, hitting the truck's passenger side undercarriage. The defendant continued traveling north at a normal rate of speed and did not stop.

He was not under the influence of drugs or alcohol, and had no hearing or health problems.

Law enforcement stopped the defendant approximately three miles from the accident. When questioned by law enforcement as to why he did not stop, the defendant explained:

> The bottom line is if I would have known I had hit somebody, I would have definitely stopped this truck; that's the bottom line. I didn't—there was no—at all but the radio and me driving; I didn't hear anything else, nothing was going on. I just found out about this person getting struck by my truck that I have no idea I had struck.

The State charged the defendant with leaving the scene of a crash involving injury. He entered a not guilty plea and proceeded to trial. There, the officer who stopped the defendant testified that the victim was on his rear end in the crosswalk when he was hit by the truck. The victim went underneath the truck and was dragged almost ninety feet. There was no evidence of braking, skid marks, brake lights, evasive steering, or a change in speed. There was no damage to the front of the truck.

Several witnesses testified that they saw the accident. One saw the truck's wheels go over the victim's body and heard the truck ride over him. A worker testified that he heard the accident from one of the upper floor patios of a building where he was installing windows; he saw the victim skateboard into the street, go underneath the truck, and be dragged down the street. His co-worker testified that he saw the skateboard being spit out from under the truck's right rear tire and heard the skateboard crack in two. He also saw the back right tire of the truck actually raise up or jump up.

Another eyewitness testified that she was in a car at the light when she heard a loud noise at impact through her closed window. Another witness testified that he was about seventy-five to one hundred yards away from the road when he heard a loud thud and the sound of cracking wood. Yet another witness testified that she saw the victim fall off the skateboard and hit the right side of the truck.

A second officer testified that he pulled the defendant's vehicle over within minutes of the accident. The defendant immediately jumped out of the truck and appeared very nervous. He was visibly

shaking and stuttering. The defendant repeatedly asked why he had been stopped. According to the second officer, the truck's windows were up, but the radio was not on.

Dorsett, 147 So. 3d at 533-34.

Arguing that the hit-and-run statute requires proof that the driver had "actual knowledge" of involvement in a crash, Dorsett proposed a jury instruction that required the jury to find as an essential element that he "knew that he was involved in an accident." Id. at 534 (emphasis omitted). The trial judge, however, denied the defendant's request and read the standard jury instruction, which provided that the State must prove the defendant "knew or should have known" that he was involved in a crash. Id. at 535; see Fla. Std. Jury Inst. (Crim.) 28.4. The jury found Dorsett guilty, and the trial court subsequently sentenced him to twenty-four months in prison for the third-degree felony.

On appeal to the Fourth District Court of Appeal, Dorsett again argued "that the standard jury instructions included an incorrect statement of law regarding section 316.027, Florida Statutes (2006), because the law requires actual knowledge of the accident." 147 So. 3d at 534 (emphasis in original). Citing this Court's decision in State v. Mancuso, 652 So. 2d 370 (Fla. 1995), the district court concluded that proof of a defendant's actual knowledge of the accident is required and the jury should be so instructed. Dorsett, 147 So. 3d at 536-37. As a result the Fourth District reversed and remanded the case for new trial but also certified the

following question: "In a prosecution for violation of section 316.027, Florida Statutes (2006), should the standard jury instruction require <u>actual</u> knowledge of the crash?" 147 So. 3d at 533 (emphasis in original).

## II. ANALYSIS

Whether Florida's hit-and-run statute requires the State to prove beyond a reasonable doubt that the driver had actual knowledge of being involved in a crash is a question of law that requires interpretation of section 316.027 to give effect to the Legislature's intent. "The interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review." <u>Kephart v. Hadi</u>, 932 So. 2d 1086, 1089 (Fla. 2006). Accordingly, this "Court looks primarily at the plain meaning of the statute to determine the legislative intent." <u>Id.</u> at 1091. However, when the language of a statute is unclear or ambiguous, we employ rules of statutory construction to discern that intent. <u>Kasischke v. State</u>, 991 So. 2d 803, 811 (Fla. 2008).

The relevant portion of Florida's hit-and-run statute, subsection 316.027 provides as follows:

> (1)(a) The driver of any vehicle involved in a crash occurring on public or private property that results in injury of any person must immediately stop the vehicle at the scene of the crash, or as close thereto as possible, and must remain at the scene of the crash until he or she has fulfilled the requirements of s. 316.062. Any person who willfully violates this paragraph commits a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.

- 5 -

(b) The driver of any vehicle involved in a crash occurring on public or private property that results in the death of any person must immediately stop the vehicle at the scene of the crash, or as close thereto as possible, and must remain at the scene of the crash until he or she has fulfilled the requirements of s. 316.062. Any person who willfully violates this paragraph commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

As the statute plainly states, compliance with the law requires "[t]he driver of any vehicle involved in a crash . . . that results in injury of any person" to "immediately stop," "remain at the scene," and comply with section 316.062, which requires the driver to provide reasonable assistance to anyone injured and to provide identifying information as specified. § 316.027(1)(a).

Although section 316.027 does not expressly state that actual knowledge is required for a violation, the law does expressly provide that a felony criminal violation requires that the driver "willfully" violate the statute. For the reasons we explain, we conclude that a willful violation can be established only if the driver had actual knowledge that a crash occurred.

In Mancuso, 652 So. 2d at 370, we addressed a related claim that section 316.027 contained a requirement of actual knowledge that an injury had occurred. In that case, the defendant was charged under section 316.027 with leaving the scene of an accident involving a personal injury or death. He "struck two young women walking on a dark stretch of Interstate 95 in Palm Beach County," killing one and injuring the other. Id. Mancuso requested a jury instruction requiring the

State to prove that he had "actual knowledge" of the injury, i.e., that he "<u>knew</u> that he was involved in an accident which resulted in personal injury to another" and "<u>willfully</u> left the scene and <u>willfully</u> failed to render aid or give certain information." <u>Id.</u> at 371 (emphasis added). The trial court denied the request and instead instructed the jury to determine whether Mancuso "<u>knew or should have known</u> that he was involved in an accident, and that he willfully failed to stop at the scene." <u>Id.</u> (emphasis added). Mancuso was convicted and on appeal, the district court approved the trial court's instruction and certified the following question to this Court: "In a prosecution for violation of section 316.027, Florida Statutes (1991), must the State show that the defendant knew or should have known of the injury or death; and the jury be so instructed?" <u>Id.</u> at 370; <u>see</u> <u>Mancuso v. State</u>, 636 So. 2d 753, 756 (Fla. 4th DCA 1994).

On review, we relied on our decision in <u>Stanfill v. State</u>, 384 So. 2d 141 (Fla. 1980), to answer the question. In that case, we rejected the contention that section 316.027 created two offenses—the misdemeanor of unlawfully leaving the scene and the felony of willfully leaving the scene—and held the statute "creates only the felony of 'willfully' leaving the scene of an accident." 384 So. 2d at 141-42, 143. Accordingly, in <u>Mancuso</u>, we explained that

> [i]n reaching [the determination in <u>Stanfill</u>], <u>this Court implicitly recognized that knowledge of the accident is an essential element of section 316.027, for one cannot "willfully" leave an accident without awareness that an accident has occurred.</u> A majority of jurisdictions

- 7 -

> that have considered similarly worded "hit-and-run" statutes have also concluded that knowledge of the accident must be read into the statute.

Mancuso, 652 So. 2d at 371 (emphasis added).

With regard to the element of knowledge of the injury, however, we held in Mancuso that "criminal liability under section 316.027 requires proof that the driver charged with leaving the scene either knew of the resulting injury or death or reasonably should have known from the nature of the accident and that the jury should be so instructed." Id. at 372. In so holding, we relied in part on the reasoning of other courts analyzing statutes based on the same uniform law that the " 'statute requires an affirmative course of action to be taken by the driver and it necessarily follows that one must be aware of the facts giving rise to this affirmative duty in order to perform such a duty.' " Id. (quoting Kimoktoak v. State, 584 P.2d 25, 31 (Alaska 1978)).

In Mancuso, we referred the jury instruction issue to the Supreme Court Committee on Standard Jury Instructions in Criminal Cases for consideration of an instruction consistent with our holding. Id. The Committee responded with a jury instruction that required the State to prove that the driver had actual or constructive knowledge of the injury. See Std. Jury Instrs. in Crim. Cases (95-2), 665 So. 2d 212, 215 (Fla. 1995). However, the instruction also provided—and still provides—that the driver may have either actual or constructive knowledge of the crash or

- 8 -

accident. The standard jury instruction currently provides in pertinent part as

follows:

> To prove the crime of Leaving the Scene of a Crash Involving Death or Injury, the State must prove the following four elements beyond a reasonable doubt:
> 1. (Defendant) was the driver of a vehicle involved in a crash resulting in [injury to] [the death of] any person.
> 2. <u>(Defendant) knew or should have known that [he] [she] was involved in a crash</u>.
>
> *Give 3a if death is charged or 3b if injury is charged.*
> 3.   a.   (Defendant) knew or should have known of the injury to or death of the person.
>
>     b.   (Defendant) knew or should have known of the injury to the person.
>
> *Give 4a, 4b, or both as applicable.*
> 4.   a.   (Defendant) willfully failed to stop at the scene of the crash or as close to the crash as possible and remain there until [he] [she] had given "identifying information". . . ;
>
>     [or]
>
>     b.   (Defendant) willfully failed to render "reasonable assistance" to the injured person if such treatment appeared to be necessary or was requested by the injured person.

Fla. Std. Jury Inst. (Crim.) 28.4 (emphasis added).

The standard instruction defines <u>willfully</u> to mean "intentionally and

purposely," <u>id.</u>, and we stated in <u>Mancuso</u> that "one cannot 'willfully' leave an

accident without awareness that an accident has occurred." 652 So. 2d at 371.

These statements are at odds with the instruction's suggestion that constructive

knowledge that a crash occurred is sufficient to establish the willfulness of the defendant in leaving the scene. In State v. Dumas, 700 So. 2d 1223, 1225 (Fla. 1997), we reinforced the principle that the duty imposed by the statute flows from the driver's knowledge of the accident or crash. The question presented was whether in a prosecution under the hit-and-run statute the State must prove the defendant's knowledge of the results of the crash. The statute contained two offenses: the third-degree felony of leaving the scene of an accident involving injury and the second-degree felony of leaving the scene of an accident involving a death. Id. at 1224-25. This Court explained that

> Florida law imposes an affirmative duty on a driver to stop, render aid, and provide certain information necessary for an insurance claim and an accident report whenever there is an injury. § 316.062, Fla. Stat. (1995). Florida law further makes it a felony to fail to complete these duties. § 316.027(2), Fla. Stat. (1995). One of the main purposes of the statute is to ensure that accident victims receive medical assistance as soon as possible. Herring v. State, 435 So. 2d 865, 866 (Fla. 3d DCA 1983) ("It is apparent that the purpose of sections 316.027 and 316.062 is to assure that any injured person is rendered aid and that all pertinent information concerning insurance and names of those involved in the traffic accident is exchanged by the parties."). The fact that a death rather than an injury has occurred does not trigger a different set of duties. Thus, the knowledge element that triggers the affirmative duty is the same in each circumstance, but the sanction imposed is determined by the results of the accident.

Id. at 1225-26 (emphasis added). As we stated in Mancuso, the duties imposed in this statute are triggered by the driver's actual knowledge of involvement in a crash or accident. 652 So. 2d at 372.

- 10 -

Other states with similar hit-and-run statutes require the driver to have actual knowledge of the crash to support imposition of the attendant duties. In State v. Medeiros, 997 A.2d 95, 97 n.1 (Me. 2010), for example, the operative section of the Maine statute provides: "The operator of a vehicle involved in an accident anywhere that results in personal injury or death to a person shall immediately stop the vehicle at the scene of the accident . . . ." The provision imposes duties similar to those in the Florida statute to report and provide assistance. Id. In rejecting Medeiros's claim on appeal that insufficient evidence supported the finding that he had actual knowledge of the accident, the Maine Supreme Court explained that although "involve[ment] in [an] accident" was not defined by the statute, "because the statute imposes an affirmative duty to act, actual knowledge of involvement in an accident is implied within the statute's structure." Id. at 100 (citing State v. Keiser, 807 A.2d 378, 384 (Vt. 2002), and noting that Vermont's hit-and-run statute similarly requires actual knowledge of the crash); see State v. Miller, 308 N.W.2d 4, 6-7 (Iowa 1981) (stating proof of the defendant's "actual knowledge" of the accident is an essential element of the crime that may be established from direct proof or "surrounding circumstances").

Recently, the First District Court of Appeal reached the same conclusion and certified to this Court the same question we address in the instant case. In Cahours v. State, 147 So. 3d 574, 575 (Fla. 1st DCA 2014), the defendant was convicted of

leaving the scene of a crash involving a death under the hit-and-run statute and vehicular homicide. On appeal, Cahours contended that the standard jury instruction for leaving the scene which requires proof that the defendant "knew or should have known" of involvement in a crash "misstates the law" and that to convict the State must prove the driver's actual knowledge of the crash. Id. at 576. Citing the Fourth District's decision in this case, the First District concluded that "a defendant must have actual knowledge of the crash in order to willfully leave the scene." Id. Accordingly, the First District "h[e]ld that a defendant cannot willfully, intentionally, or purposefully leave the scene of a crash without actually knowing that the crash occurred." Id. at 577. The court noted, however, that proving knowledge or intent "is seldom capable of direct proof[;][it] usually is established from the surrounding circumstances." Id. at 576 n.2 (quoting Miller, 308 N.W.2d at 7).

### III. CONCLUSION

We agree with the Fourth District's holding that in a prosecution under Florida's hit-and-run statute, section 316.027, the State must prove beyond a reasonable doubt that the driver had actual knowledge of the crash, an essential element of the crime of leaving the scene of a crash. We approve the decision on review and answer the certified question in the affirmative.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Certified Great Public Importance

      Fourth District - Case No. 4D11-1530

      (Palm Beach County)

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Consiglia Terenzio, Senior Assistant Attorney General, James Joseph Carney, Senior Assistant Attorney General, and Jeanine Marie Germanowicz, Assistant Attorney General, West Palm Beach, Florida,

      for Petitioner

Jeanette Anne Bellon of Hamilton, Miller & Birthisel, LLP, Miami, Florida,

      for Respondent