# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**RACHELLE LAURISTON,**
Appellee.

No. 4D19-1573

[April 22, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia Wood, Judge; L.T. Case No. 17-7642 CF10A.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.

GERBER, J.

The state appeals from the circuit court's order granting the defendant's motion to dismiss one count of public assistance fraud charged under sections 414.39(1)(a) and (5)(b), Florida Statutes (2015). The state argues the circuit court misinterpreted section 414.39(5)(b) as requiring the state to allege and prove the defendant committed fraud in each of twelve consecutive months. According to the state, the statute's plain meaning only requires the state to allege and prove the public assistance wrongfully received, retained, misappropriated, sought or used was of an aggregate value of $200 or more during a twelve consecutive month period, but not necessarily committed in each of twelve consecutive months.

We agree with the state's argument. Thus, we reverse the circuit court's order and remand for reinstatement of the state's public assistance fraud charge against the defendant.

## *Procedural History*

Sections 414.39(1)(a) and (5)(b), Florida Statutes (2015), provide, in pertinent part:

> (1)  Any person who knowingly:
>
> (a) Fails, by false statement, misrepresentation, impersonation, or other fraudulent means, to disclose a material fact used in making a determination as to such person's qualification to receive public assistance under any state or federally funded assistance program;
>
> . . . .
>
> commits a crime and shall be punished as provided in subsection (5).
>
> . . . .
>
> [(5)](b) *If the value of the public assistance or identification wrongfully received, retained, misappropriated, sought, or used is of an aggregate value of $200 or more, but less than $20,000 in any 12 consecutive months*, such person commits a felony of the third degree . . .

§ 414.39(1)(a), (5)(b), Fla. Stat. (2015) (emphases added).

Pursuant to the sections 414.39(1)(a) and (5)(b), the state's information in this case alleged, in pertinent part:

> [The defendant], *on or about the 3rd day of April, A.D. 2015 up to and including the 28th day of February, A.D. 2016*, in [Broward County, Florida], did then and there unlawfully and knowingly fail by false statement, misrepresentation, impersonation, or other fraudulent means, to-wit: failed to report gainful employment, to disclose a material fact used in making a determination as to her qualifications to receive public assistance under any state or federally funded assistance program, to-wit:  Food Assistance Benefits and *the value of public assistance, wrongfully received, retained, misappropriated, sought or used was of an aggregate value of two hundred dollars ($200.00) or more in a twelve (12)*

2

*consecutive month period*, contrary to F.S. 414.39(1)(a) and F.S. 414.39(5)(b), [Florida Statutes (2015)] . . . .

(emphases added).

The defendant filed a motion to dismiss the charge. The motion alleged the information was fatally flawed because it did not allege a crime under 414.39(5)(b). Specifically, the defendant argued "[section] 414.39(5)(b) requires **a consecutive period of 12 months or longer** which is not alleged in the information." (emphasis in original).

The circuit court agreed with the defendant's interpretation of section 414.39(5)(b) and entered an order granting the motion to dismiss. The circuit court's order stated, in pertinent part:

> The Information is fatally defective and therefore cannot stand. *The Statute under which the Defendant was charged requires 12 consecutive months of fraud.* The Information alleges 10 months and 26 days. . . . Therefore, the Information is defective and the charge cannot stand.

(emphasis added).

## ***This Appeal***

This appeal followed. The state argues the circuit court misinterpreted section 414.39(5)(b) as requiring the state to allege and prove twelve consecutive months of fraud. According to the state, the statute's plain meaning only requires the state to allege and prove the public assistance, wrongfully received, retained, misappropriated, sought or used was of an aggregate value of $200 or more in a twelve consecutive month period.

The defendant responds the circuit court properly interpreted section 414.39(5)(b). In the alternative, the defendant argues if section 414.39(5)(b) is ambiguous due to the statute's differing interpretations, then the rule of lenity requires us to interpret the statute in the defendant's favor, consistent with the circuit court's interpretation.

Applying de novo review, we agree with the state's argument. *See State v. Dorsett*, 158 So. 3d 557, 560 (Fla. 2015) ("The interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review.") (citation omitted).

### a. *The statute's plain language is unambiguous in context.*

"To answer a question of statutory construction, courts must first look to the statute's language, considering its words in the context of the entire section rather than in isolation. If the statutory language is clear and unambiguous, the court must recognize the statute's plain meaning and, therefore, need not employ any other rules of statutory construction." *State v. Lewars*, 259 So. 3d 793, 797 (Fla. 2018) (internal citations omitted).

Here, section 414.39(5)(b)'s use of the clause "in any 12 consecutive months," when read in the entire section's context, plainly refers to the defined time period during which the wrongfully received public assistance must aggregate to "two hundred dollars ($200.00) or more, but less than $20,000."

In other words, section 414.39(5)(b) provides the guideposts in both dollars and time for which the state must prove a person has wrongfully received, retained, misappropriated, sought, or used public assistance, that is, "an aggregate value of $200 or more, but less than $20,000 in any 12 consecutive months."

### 2. *The rules of statutory construction dictate the same conclusion.*

Even if we were to agree with the defendant that section 414.39(5)(b) is ambiguous (which it is not), the rules of statutory construction dictate the same conclusion, thus precluding the defendant's reliance on the rule of lenity. *See Paul v. State*, 129 So. 3d 1058, 1064 (Fla. 2013) ("[The] rule of lenity is a canon of last resort and only applies if the statute remains ambiguous after consulting traditional canons of statutory construction.").

Under the nearest-reasonable-referent doctrine, "whether coming before or after what is modified, modifiers (adjectives, adverbs, prepositional phrases, restrictive clauses) should be read as modifying the nearest noun, verb, or other sentence element to which they can reasonably be said to pertain." *Scherer v. Volusia Cty. Dep't of Corrections*, 171 So. 3d 135, 138 (Fla. 1st DCA 2015).

As stated above, section 414.39(5)(b) states, in pertinent part:

> If the value of the public assistance or identification wrongfully received, retained, misappropriated, sought, or used is of an aggregate value of $200 or more, but less than

4

> $20,000 in *any* 12 consecutive months, such person commits a felony of the third degree …

*Id.* (emphasis added).

Applying the nearest-reasonable-referent doctrine, the word "any" modifies "consecutive 12 months." Thus, the misappropriated value of $200 or more but less than $20,000 must aggregate in "any" twelve consecutive months. The misappropriated value does not need to aggregate in "each of" twelve consecutive months.

Further, interpreting section 414.39(5)(b) as requiring the value of $200 or more but less than $20,000 to aggregate in "each of" twelve consecutive months, as the defendant argues and as the circuit court found, would lead to absurd consequences. *See State v. Atkinson*, 831 So. 2d 172, 174 (Fla. 2002) ("A basic tenet of statutory construction compels a court to interpret a statute so as to avoid a construction that would result in unreasonable, harsh, or absurd consequences."). For example, under the defendant's argument, a person could misappropriate $200 or more but less than $20,000 every month (or every week or day) for eleven months, take a break from their scheme in the twelfth month, and then resume their scheme when the twelfth month ended. Or a person could misappropriate $200 or more but less than $20,000 on any given day, as long as the person did not do so in each of twelve consecutive months. Given these absurd consequences, the defense's argument lacks merit.

Based on the foregoing, we reverse the circuit court's order granting the defendant's motion to dismiss, and remand for reinstatement of the state's public assistance fraud charge against the defendant.

*Reversed and remanded for proceedings consistent with this opinion.*

MAY and CIKLIN, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**