DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MANUEL NAVARRO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-4474

[April 27, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Sherwood Bauer, Jr., Judge; L.T. Case No. 472013CF000490.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, C.J.

Manuel Navarro appeals his conviction for manslaughter. We find that the trial court erred in failing to instruct the jury that Navarro had no duty to retreat and we reverse.

The defendant was charged with second-degree murder after stabbing his roommate in their home. According to the evidence adduced at trial, on the evening of the incident, the defendant and the victim went to a bar together and had been drinking. The defendant was approximately fifty-five years old and the victim was twenty-eight to thirty years old and in good physical condition.

A detective interviewed the defendant following the incident and the transcript of the interview was read to the jury. According to the defendant's statements during the interview, he and the victim returned home around 1:30 A.M. and continued drinking until around 2:00 A.M. The defendant stated that the victim "becomes crazy" when he is drunk and he began kicking the defendant's bedroom door. Later in the

evening, the victim came out of his room, swore at the defendant, and grabbed the defendant by the collar, lifting him up. The defendant told the victim to leave him alone. The defendant tried to get up but the victim sat him down. The defendant's "blade" was lying open on the table at the time. The victim saw the blade and told the defendant to grab it, and said, "That's the only way you're going to be able to defend yourself." The victim tried to hit the defendant and was threatening to beat him, so the defendant grabbed and flung the blade to cut the victim.

The defendant testified in his defense. He explained that the victim became very angry with him and grabbed his shirt and his throat. The victim's fist was clenched. On the evening of the incident, the defendant had gotten away from the victim twice before when the victim wanted to hit him, and the victim told him that his "time had come," and that he was "not going to get away" from him. The defendant testified that he had no doubt that the victim was going to seriously hurt him, so he grabbed the knife and swung it. The defendant only meant to cut his hand, and believed he had only cut the victim's hand. He never intended to kill the victim or hurt him badly.

During the charge conference, the defendant requested a special instruction modeled after the standard "stand your ground" jury instruction and the trial court declined to give the instruction, stating, "I think that [section] 776.013 was meant for non-residents entering into the residence, not residents having a confrontation in the residence. So I would strike that section."

The jury found the defendant guilty of the lesser included offense of manslaughter and the trial court sentenced him to fifteen years in prison.

On appeal, the defendant argues that the trial court erred in failing to instruct the jury that, consistent with the so-called stand your ground law, the defendant had no duty to retreat. He further contends that the instructions implied a duty to retreat by instructing the jury that, in order to justifiably use deadly force, the defendant had to believe that the danger could only be avoided through the use of that deadly force. We agree that the defendant was entitled to the instruction he requested.

This court has previously explained:

> "[T]he failure to give special jury instructions does not constitute error where the instructions given adequately address the applicable legal standards." *Stephens v. State,*

2

787 So. 2d 747, 755 (Fla. 2001). "Thus, [a defendant] has the burden of demonstrating that the trial court abused its discretion in giving standard instructions." *Id.* at 755-56. To meet that burden, a defendant must "'show that: (1) the **requested** instruction accurately states the law applicable to the facts of the case; (2) the testimony and other evidence presented support the giving of the instruction; and (3) the instruction was necessary to resolve the issues in the case properly.'" *McConnell v. Union Carbide Corp.*, 937 So. 2d 148, 153 (Fla. 4th DCA 2006) (quoting *Force v. Ford Motor Co.*, 879 So. 2d 103, 106 (Fla. 5th DCA 2004)) (emphasis added).

*Dorsett v. State*, 147 So. 3d 532, 535 (Fla. 4th DCA 2013) (alterations in original) (emphasis in original), *approved*, 158 So. 3d 557 (Fla. 2015). *See also CSX Transp., Inc. v. Whittler*, 584 So. 2d 579, 586 (Fla. 4th DCA 1991) ("If jury instructions, viewed as a whole, fairly state the applicable law to the jury, the failure to give particular instructions will not be error.") (citations omitted).

The defendant's requested instruction stated as follows:

If [the defendant] was not engaged in an unlawful activity and was attacked in any place where he had a right to be, he had no duty to retreat and had the right to stand his ground and meet force with force, including deadly force, if he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony.

First, the requested instruction accurately stated the law regarding a lack of a duty to retreat. Section 776.012, Florida Statutes (2013), i.e., the "stand your ground" law, provides in pertinent part that:

[A] person is justified in the use of deadly force and *does not have a duty to retreat* if:

(1) He or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony[.]

(Emphasis added). While section 776.013, Florida Statutes (2013), requires an element of home protection, section 776.012 does not.

3

Accordingly, the requested instruction accurately stated the law regarding a lack of a duty to retreat.

Second, the evidence produced in the case supported giving the instruction. The transcript of the defendant's interview as well as his in-court testimony each supported a conclusion that the defendant used force to prevent the infliction of great bodily harm.

Third, the requested instruction was necessary to resolve the issues in the case because the instructions actually given to the jury did not adequately address the applicable legal standard. Specifically, the given instruction exacerbated the problem of failing to instruct on the lack of a duty to retreat by providing: "[T]o justify the use of deadly force, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that *the danger could be avoided only through the use of that force.*" (Emphasis added).

While this language does not directly state that there is a duty to retreat, considering the two basic human instincts of fight or flight when confronted with danger, the implication is clear. A jury could very well conclude from the given instruction that the use of deadly force is not lawful where the danger could be avoided by retreating. Further, the omitted instruction was highly pertinent and material to what the jury was required to consider for it to convict. The jury instructions, as given, negated the defendant's sole defense by effectively requiring that the defendant's only option was the use of force, and omitting the fact that he had no duty to retreat.

Because the jury was not instructed that there is no duty to retreat, and the given instruction implied that there is such a duty, the instructions ultimately given did not adequately address the applicable law. The requested instruction was necessary to resolve the self-defense theory of the defendant's case, and the trial court erred in failing to give it. We therefore reverse and remand for a new trial.

*Reversed and remanded.*

WARNER and KLINGENSMITH, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***

4